JEFFIE L. WILLIS *v.* TAYLOR AND FENN COMPANY ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 3—decided April 3, 1951

*Edward Seltzer,* for the appellant (plaintiff).

*Edward S. Pomeranz,* with whom, on the brief, was *William P. Aspell,* for the appellees (defendants).

BROWN, C. J.  The Superior Court dismissed the

plaintiff's appeal from a finding and award of the workmen's compensation commissioner in favor of the defendants, the employer and its insurer, upon the ground that the plaintiff's injury did not arise out of the employment. The question upon the present appeal is whether the trial court was warranted in sustaining this finding.

The material facts in the commissioner's finding may be thus summarized: On April 26, 1949, the plaintiff and John Harrison were fellow employees. The plaintiff found offensive language written on his locker which he charged was the act of a fellow employee. An argument ensued between him and Harrison. The plaintiff drew something from his trousers pocket which Harrison maintained he believed to be a knife. Thereupon he picked up an iron rake and assaulted the plaintiff, striking him on the left arm and inflicting the injuries for which claim is made. The accident occurred during the course of the plaintiff's employment. The injuries were the result of a personal quarrel between the men involved which did not originate in the employment. The commissioner concluded, therefore, that the accident did not arise out of the employment but was the result of an assault caused by a personal quarrel between the two men.

The decisive question presented by the plaintiff's assignment of errors is whether the court was warranted in sustaining the commissioner's conclusion, that is, that the injuries did not arise out of the employment because they resulted from a personal quarrel which did not originate in the employment. We have stated the basic principle in such a case to be: "If one employee assaults another employee solely to gratify his feeling of anger or hatred, the injury results from the voluntary act of the assailant and cannot be said to arise either directly out of the employment, or as an in-

cident of it. But when the employee is assaulted while he is defending his employer, or his employer's property, or his employer's interests, or when the assault was incidental to some duty of his employment, the injuries he suffers in consequence of the assault will, as a rule, arise out of the employment." *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 384, 103 A. 115; see also 58 Am. Jur. 766. We further stated in that opinion (p. 387): "The fact that employees sometimes quarrel and fight while at work, does not make the injury which may result one which arises out of their employment. There must be some reasonable connection between the injury suffered and the employment or the conditions under which it is pursued." In *Stulginski* v. *Waterbury Rolling Mills Co.*, 124 Conn. 355, 365, 199 A. 653, we reiterated these principles and discussed at length the authorities and the law applicable to cases of this nature. We there said: "The question presented in this type of case, as in others involving the issue whether an injury arose out of the employment, is essentially one of fact, to be determined in view of all the relevant circumstances . . . ." It would serve no purpose to discuss the point further or to enter upon an analysis of the numerous cases referred to by the plaintiff in his brief, with their differing facts.

A principal contention of the plaintiff is that his remark concerning the inscription on his locker was prompted solely by an impulse to prevent defacement of the employer's property and so was an incident of his employment. The commissioner refused so to find, and the evidence which is before us by reason of the plaintiff's motion to correct the finding indicates that the plaintiff's sole reaction was one of intense anger and resentment toward the writer of the epithets. Another claim of the plaintiff is that because of the em-

ployer's implied acquiescence in the friendly banter carried on between the workers such banter had become a condition of the employment and that the assault arose from it and therefore was an incident of the employment. The commissioner refused to find that the employer did acquiesce in friendly banter, and the evidence does not justify our adding that fact to the finding. Even if friendly banter was a condition of the employment, this could not avail the plaintiff in view of the finding, fully substantiated by the evidence, to the effect that the assault resulted not from friendly banter but from a direct threat addressed by the plaintiff to Harrison, followed by what Harrison interpreted as the plaintiff's drawing of his knife. The commissioner would be bound to distinguish between tolerated friendly banter and the physical violence in anger that actually took place. *Shedlock* v. *Cudahy Packing Co.*, 134 Conn. 672, 677, 60 A. 2d 514. In short, in argument the plaintiff is portrayed as the passive victim of Harrison's assault while acting in the course of his employment, but the finding and evidence indicate that instead he was the wilful aggressor in an altercation which was entirely unrelated to it.

There is no error.

In this opinion the other judges concurred.