No. 80-439

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ARTHUR W. PENNY,

      Claimant and Appellant,

  vs.

ANACONDA COMPANY, Employer, and
ANACONDA COMPANY,

      Defendant and Respondent.

Appeal from:  Workers' Compensation Court
           Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        D. L. Holland and R. Lewis Brown, Butte, Montana

    For Respondent:

        Utick and Grosfield, Helena, Montana

Submitted on briefs: June 17, 1981

Decided:  AUG 31 1981

Filed: AUG 31 1981

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by claimant Arthur W. Penny from a judgment of the Workers' Compensation Court and an order denying his petition for rehearing. The hearing examiner found that Penny suffered a permanent partial disability to the whole man of 25% and was entitled to receive benefits under section 39-71-703, MCA, as a result of compensable injuries he suffered while working for the Anaconda Company, the employer and respondent. The findings of fact and conclusions of law of the hearing examiner were adopted by the Workers' Compensation Judge in his judgment and order of July 1, 1980.

Penny brought the action before the Workers' Compensation Court to determine whether he was permanently totally disabled as a result of a back injury he suffered on February 15, 1978, while working for the Anaconda Company in Butte, Montana, and to determine whether injuries he suffered as a result of an altercation which occurred at work on November 2, 1979, were caused by an industrial accident arising out of and in the course of his employment. As a result of the November 2 incident, Penny suffered injuries to his neck, face and back which he alleges aggravated his pre-existing back condition.

It is undisputed that Penny was injured in an industrial accident on February 15, 1978, arising out of and in the course of his employment, and that during the period from February 15, 1978, to September 17, 1979, Penny experienced intermittent periods when he was unable to work as a result of the injuries. During those periods Penny was paid the proper compensation under the Workers' Compensation Act. It is also undisputed that during working hours on November 2, 1979, Penny was involved in a fight with a co-worker and that since that time the Anaconda Company has denied liability for any further compensation benefits.

Conflicting testimony was presented at the trial as to which man was the aggressor in the November 2 fight and the reason for the fight. The hearing examiner found that Penny initiated the incident. The hearing examiner also found that Penny started the fight solely to gratify his feelings of anger or hatred toward his co-worker which had no connection with a disagreement over union policies. Based on conflicting medical evidence presented during the trial, the hearing examiner made a further finding that Penny suffered from a condition of nerve root irritation before the fight and that the condition was aggravated during the fight. The hearing examiner found that the herniated disc from which Penny now suffers resulted from the November 2 aggravation of his prior injury.

Since he found that the fight resulted from personal animosity not related to employment, the hearing examiner concluded that the injuries suffered on November 2 were not caused by an industrial accident arising out of Penny's employment and that Penny was not entitled to benefits under the Workers' Compensation Act for injuries he suffered as a result of that incident. The hearing examiner also concluded that Penny should be awarded disability benefits based on a finding of permanent partial disability to the whole man of 25% due to the compensable injuries suffered by Penny prior to the November 2 altercation. The findings of fact and conclusions of law of the hearing examiner were adopted by the Workers' Compensation Judge and an order was entered accordingly.

Penny raised three issues on appeal:

1. Whether the Workers' Compensation Court erred in finding that Penny did not suffer a herniated disc as a result of the accident which occurred on February 15, 1978.

2. Whether the Workers' Compensation Court erred in finding that the injuries that occurred in the incident of November 2, 1979, did not arise out of Penny's work at the

Anaconda Company.

3. Whether the Workers' Compensation Court erred in finding that Penny suffered a permanent partial disability to the whole man of 25%.

The first issue deals with the hearing examiner's finding regarding medical evidence presented at the hearing. If there is substantial credible evidence in the record supporting a medical finding by the Workers' Compensation Court, the Supreme Court is bound by the decision of that court. McGee v. Bechtel Corp. (1979), ___Mont.___, 595 P.2d 1156, 1158-1159, 36 St.Rep. 220, 224. We find in this case that there was substantial credible medical evidence found in the testimony of the chiropractor and a medical evaluation prepared by Dr. Alexander Johnson to support the Workers' Compensation Court's finding that Penny did not suffer a herniated disc as a result of the industrial accident which occurred on February 15, 1978.

The appellant, Penny, argues that the testimony of the neurosurgeon who examined him after the November 2, 1979, incident should be given more weight than the testimony of the chiropractor. Both the chiropractor and Dr. Johnson, also a neurosurgeon, examined Penny after the February 15, 1978, industrial accident and prior to the November 2 injury, and the chiropractor's testimony was supported by Dr. Johnson's written report. It is the function of the Workers' Compensation Court to resolve conflicts of evidence and where, as here, it has done so and the finding is supported by substantial credible evidence, we are bound by the Workers' Compensation Court's finding.

The second issue is whether the Workers' Compensation Court erred in finding that the injuries Penny suffered as a result of the incident of November 2, 1979, did not arise out of his employment with the Anaconda Company. Under Montana law, an injury must arise out of and occur in the course of employment before it is compensable under the Workers' Compensation Act.

- 4 -

Section 39-71-407, MCA.

Unless some reasonably immediate service to the employer can be discerned, a determination of whether an injury arises out of and occurs in the course of employment is controlled by the particular facts and circumstances of each case. Guarascio v. Industrial Accident Board (1962), 140 Mont. 497, 502, 374 P.2d 84, 86. In this case no evidence was presented by either party to indicate that the November 2 incident was of any immediate service to the employer. It becomes necessary, therefore, to look at the particular facts surrounding the incident to determine whether the resulting injuries arose out of Penny's employment.

In this case the hearing examiner found that the fight which occurred on November 2 was of a personal nature and not connected with Penny's employment. He did find that the genesis of the animosity between Penny and his co-worker was a difference over union policies, but that there had been a cooling-off period of four years between the last argument over union matters and the November 2 incident. He found that the fight on November 2 had no connection with the disagreement over union policies and that Penny started the fight solely to gratify his personal feelings of hatred and anger toward his co-worker.

In 1 Larson, Workmen's Compensation Law, Sec. 11.16, it is stated that there are two lines of authority regarding work connected assaults in which the work situation places the employees under strain. We choose to adopt the view set forth in Willis v. Taylor & Fenn Co. (1951), 137 Conn. 626, 79 A.2d 821, 822, citing from a prior Connecticut case: "'The fact that employees sometimes quarrel and fight while at work does not make the injury which may result one which arises out of their employment. There must be some reasonable connection between the injury suffered and the employment or the conditions under which it is pursued.'"

Here the hearing examiner found that there was no reasonable connection between the injuries suffered on November 2,

- 5 -

1979, and Penny's employment. We must uphold this finding made by the hearing examiner and adopted by the Workers' Compensation Judge unless there is no substantial evidence to support it. "If the Workers' Compensation Court's findings are based on conflicting evidence . . . this Court's function on review is confined to determining whether there is substantial evidence on the whole record supporting such findings." Harmon v. Deaconess Hospital (1981), ____ Mont.____, 623 P.2d 1372, 38 St.Rep. 65, 67-68, and cases cited therein. After a careful review of the record, we find that there is substantial evidence to support the finding by the Workers' Compensation Court that the fight of November 2 was not reasonably connected to Penny's employment, and we affirm its holding that Penny is not entitled to receive benefits under the Workers' Compensation Act as a result of the injuries he suffered from that incident.

The final issue raised on this appeal is whether the Workers' Compensation Court erred in finding that Penny suffered a permanent partial disability to the whole man of 25%. The hearing examiner in this case entered the following conclusion of law:

> "Ordinarily, there would be medical testimony on impairment ratings which would help to establish a percentage of disability and an appropriate portion of the maximum of 500 weeks of partial disability payments due. Such figures could be derived only by conjecture in this case. While claimant bears the burden of proof, he did show that he was in frequent pain after the September episode and that he was reluctantly considering corrective surgery. This is sufficient to show a disability to the whole man of 25 percent. Claimant is therefore entitled to 125 weeks of benefits payable at one-half the state's average weekly wage in September 1979. That weekly average was $198 per week at that time and claimant's weekly benefit is therefore $99.00. 39-71-703, MCA." (Emphasis added.)

This conclusion of law shows that the hearing examiner himself felt that the establishment of a percentage of disability in this case was a matter of speculation and conjecture. The evidence here of pain is insufficient in and of itself to establish a percentage disability rating.

The Workers' Compensation Judge approved the hearing

- 6 -

examiner's conclusion of law and entered judgment accordingly. That judgment must be set aside for insufficiency of the evidence. That portion of the judgment of the Workers' Compensation Court which awarded the claimant Penny benefits based on a finding that he suffered a permanent partial disability to the whole man of 25% is vacated and the case is remanded to the Workers' Compensation Court to determine what, if any, percentage of disability Penny suffered as a result of compensable injuries suffered prior to November 2, 1979.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices