### Clara Greene, Administratrix (Estate of Everett Greene, Jr.) v. The Metals Selling Corporation et al.
### (2472)

Hull, Borden and Daly, Js.

Argued October 9, 1984—decision released December 11, 1984

*Edmund T. Grady, Jr.,* with whom was *Marcia Winn,* for the appellant (plaintiff).

*James L. Pomeranz,* with whom, on the brief, was *Douglas L. Drayton,* for the appellees (defendants).

Daly, J. The plaintiff, as administratrix of the estate of her late husband, instituted an action in four counts for the wrongful death of her husband. The first two counts were directed against the defendant corporation, The Metals Selling Corporation (corporation),

which had employed the plaintiff's decedent. The first count alleges wilful and wanton violations of the federal Occupational Safety and Health Act (OSHA), and its Connecticut counterparts. The second count alleges intentional acts and omissions of the corporation in violation of the same federal and state statutes. The third count alleges negligence against individual officers of the corporation, Raymond Rosenfield and Norman Rosenfield. The fourth count claims a loss of consortium by the plaintiff individually.

The facts alleged are that the corporation was in the business of processing metal and that the plaintiff's decedent, while in the corporation's employ, was engaged in processing or transferring magnesium material which ignited, thus causing his death. The defendants filed a motion to strike, claiming that the provisions of the Workers' Compensation Act precluded any recovery by the plaintiff. The trial court granted the motion to strike, ruling that the action was barred by the Workers' Compensation Act and that there was no basis for the loss of consortium claim. The plaintiff did not plead over. She appealed[1] from the judgment rendered striking the complaint.

We first must examine the applicable standard of review on a motion to strike. The motion to strike; Practice Book § 151; replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. Practice Book § 152. The motion to strike, like the demurrer, admits all facts well pleaded. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. *Alarm Application Co.* v. *Simsbury Volunteer Fire*

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

*Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980). A motion to strike admits facts only. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. *McAdam* v. *Sheldon,* 153 Conn. 278, 282, 216 A.2d 193 (1965). We must examine the complaint, assuming the truth of all well-pleaded facts, to determine whether the plaintiff, under each count, has stated a legally sufficient cause of action.

The issues raised by this appeal are (1) whether the plaintiff may pursue a common law action for the wrongful death of her husband through the alleged wilful and wanton misconduct of the defendant corporation;[2] (2) whether the plaintiff has a cause of action against the defendant corporate executives individually; and (3) whether the plaintiff's action for loss of consortium can be sustained.

The complaint alleges that the incident in question arose out of and in the course of the decedent's employment with the corporation. General Statutes § 31-284 (a) specifically provides: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter . . . ."

---

[2] The plaintiff did not raise any issue as to the striking of the second count, which alleged intentional acts and omissions. Since it was not briefed, it must be considered abandoned. *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809 (1973).

It is, of course, well settled that where there exists the relationship of employer and employee within the terms of the Workers' Compensation Act, the employer has no common law liability to his employee. *Crisanti* v. *Cremo Brewing Co.*, 136 Conn. 529, 531, 72 A.2d 655 (1950). If the corporation was the employer of the plaintiff's decedent, the plaintiff is relegated to the remedies afforded by the Workers' Compensation Act. *Velardi* v. *Ryder Truck Rental, Inc.*, 178 Conn. 371, 376, 423 A.2d 77 (1979). As long as the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by workers' compensation. Id., 377.

The plaintiff alleges certain violations of the federal Occupational Safety and Health Act; 29 U.S.C. § 651 et seq.; and the Connecticut Occupational Safety and Health Act; General Statutes § 31-367 et seq.; as the basis for her complaint. The language in General Statutes § 31-369 (b), "[n]othing in this chapter shall be construed to supersede or in any manner affect any workers' compensation law or to enlarge, diminish or affect in any manner common law or statutory rights, duties or liabilities of employers or employees, under any law with respect to injuries, diseases or death of employees arising out of and in the course of employment," is almost identical to the language in 29 U.S.C. § 653 (b) (4).[3]

"It seems clear that Congress did not intend OSHA to create a new private cause of action, but, on the contrary, intended private rights to be unaffected

---

[3] In oral argument in this court the plaintiff conceded, as she must, that OSHA does not create a separate cause of action. See *Wendland* v. *Ridgefield Construction Services, Inc.*, 184 Conn. 173, 177–81, 439 A.2d 954 (1981). She claimed, however, that her reference to OSHA and its Connecticut counterpart were merely aimed at invoking those statutes as evidence of the applicable standard of care. Id., 181. This is a disingenuous reading of the complaint. It is clear that the complaint's entire basis of liability was the violations of OSHA, both federal and state.

thereby." *Jeter* v. *St. Regis Paper Co.,* 507 F.2d 973, 977 (5th Cir. 1975); see *Russell* v. *Bartley,* 494 F.2d 334 (6th Cir. 1974). The fourth circuit has refused to imply a private action against the employer where state workers' compensation was the exclusive remedy of the injured employee. *Byrd* v. *Fieldcrest Mills, Inc.,* 496 F.2d 1323 (4th Cir. 1974).

The plaintiff has alleged in her first count wilful and wanton violations of both the state and federal OSHA legislation by the corporation. The plaintiff relies heavily on the language in *Jett* v. *Dunlap,* 179 Conn. 215, 425 A.2d 1263 (1979), wherein our Supreme Court stated that "[w]here such wilful or serious misconduct is engaged in by an employer, *as identified by the standard we set forth today,* then a plaintiff may pursue common-law remedies." (Emphasis added.) Id., 221. That "standard," however, does not help the plaintiff here. "An intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of his employment, is covered by the compensatory provisions of the Workmen's Compensation Act. *Willis* v. *Taylor & Fenn Co.,* 137 Conn. 626, 627–28, 79 A.2d 821 (1951); 82 Am. Jur. 2d, Workmen's Compensation § 330. Unless the defendant employer intentionally directed or authorized [the fellow employee] to strike the plaintiff, the employer has a right to view the incident as an injury arising out of and in the course of employment, another 'industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system.' 2A Larson, Workmen's Compensation (1976) § 68.21, p. 13-11." Id., 218. There is no allegation in this complaint comparable to the limited exception recognized in *Jett* v. *Dunlap,* supra.

Wilful misconduct must be either intentional misconduct, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless

disregard of consequences to him who is guilty of it. *Caraher* v. *Sears, Roebuck & Co.,* 124 Conn. 409, 415, 200 A. 324 (1938). Wilful and serious misconduct means something more than ordinary negligence. Ordinary negligence could never be even serious misconduct, much less wilful misconduct, and, although gross negligence might present an instance of serious misconduct, it could never present a case of wilful misconduct, as our definition of wilful misconduct clearly indicates and as the authorities so hold. No misconduct which is thoughtless, needless, inadvertent or of the moment, and none which arises from an error of judgment can be wilful and serious misconduct. *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 56, 115 A. 677 (1921).

Our Supreme Court has consistently held that where a worker's personal injury is covered by workers' compensation, statutory compensation is the sole remedy and recovery in common law tort against the employer is barred. "This well-established principle is not eroded when the plaintiff alleges an intentional tort by his supervisor." *Jett* v. *Dunlap,* supra, 217. The same is true when the plaintiff alleges wilful and wanton misconduct. Where a fellow employee engages in wilful and wanton misconduct resulting in personal injury or death to a plaintiff, which arises out of and in the course of a plaintiff's employment, then a plaintiff's remedy lies within the Workers' Compensation Act. Where such wilful and wanton misconduct is engaged in by an employer (e.g., directing another employee to strike a fellow employee) then a plaintiff may pursue common law remedies. Id., 220–21.

The facts pleaded herein do not fall within the *Jett* exception.

"Since the enactment of the first state workmen's compensation act in New York in 1910, the clear trend in the development of compensation law in the United

States has been to limit common-law tort actions for injuries arising out of and in the course of employment and to satisfy as many claims as possible under the compensation act. Prosser, Torts (4th Ed., 1971) § 80. The decisions of this court are consistent with this trend." *Jett* v. *Dunlap,* supra, 222.

We find no error in the striking of the first count.

The third count alleges negligence on the part of the defendants Raymond and Norman Rosenfield as secretary and treasurer respectively of the corporation. General Statutes § 31-293a provides: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle . . . or unless such wrong was wilful or malicious." If the individual defendants are considered to be fellow employees of the plaintiff's decedent, then she has failed to allege a cause of action against them as required by the aforesaid statute.

In a suit against a corporate president, the court in *Neal* v. *Oliver,* 438 S.W.2d 313, 319 (Ark. 1969), held that "[i]f the corporation was the employer and [the defendant] was the mere president, he was not personally liable in tort or under the compensation act for injuries sustained by corporate employees who are injured on defective corporate owned and maintained machines and equipment. If [the defendant] was the actual employer, his corporate title made no difference. His business was within the provisions of the Workmen's Compensation Law, the [plaintiff's] injury was compensable under the compensation law, and her rights thereunder are exclusive."

Other courts have rejected a private right of action by an employee against the executive officer of the employer. See *Jeter* v. *St. Regis Paper Co.*, supra, 977. The same rationale should apply to the secretary and treasurer in this case.

"Neither statutory provision [of OSHA] nor legislative history has been cited to support the chimerical proposition that Congress intended either to create a duty on other employees of the same employer (even though they are executives) or to give injured workers a private civil remedy against such other employees, albeit executives." *Skidmore* v. *Travelers Ins. Co.*, 356 F. Sup. 670, 672 (E.D. La. 1973).

We find no error in the striking of the third count.

A consortium action is derivative of the injured spouse's cause of action. *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 494, 408 A.2d 260 (1979). The plaintiff conceded in oral argument that, if the decedent would not have a cause of action, she has none. This disposes of the third issue raised on appeal, i.e., whether the plaintiff's action for loss of consortium, alleged in the fourth count, can be sustained.

There is no error.

In this opinion the other judges concurred.