[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE COUNTS 5, 6, AND 7
The plaintiffs in this case are four residents of 935 New Britain Avenue, West Hartford, Connecticut. The defendant is Remi Roy, d/b/a Quality Home Improvement Co. In a seven count complaint filed on December 29, 1989, plaintiffs allege the following: On or about March 15, 1989 the plaintiffs and defendant entered into a written contract whereby defendant would do certain renovations and repairs to plaintiffs' home, would build a new dormer on the third floor of the home, and would finish the third floor including a kitchen and bathroom. The total cost for defendant's work was $40,000.00, payable as follows: $5,000.00 as a down payment, $8,000.00 when the job is started, $8,000.00 when the job is one-third completed, $8,000.00 when the job is one-half completed, $6,000.00 when the job is three-quarters completed, and the balance upon completion. Plaintiffs have paid $21,000.00 to the defendant.
The first count alleges a breach of the contract by the defendant in that he failed to perform and/or was not permitted to perform the portion of the contract related to the third floor because to do so would result in a separate living unit in violation of the West Hartford zoning regulations; that he failed to perform in a good and workmanlike manner by making repairs and renovations in violation of the local building code; that he failed to make promised repairs and failed to complete the work as promised; and that he stopped work and demanded additional money to complete the contract.
The second count alleges that the aforementioned actions of the defendant constitute negligent and careless performance. The third count alleges that the defendant has been unjustly enriched. The fourth count alleges that the actions of the defendant have resulted in a diminution of the value of plaintiffs' home.
The fifth count alleges that the contract involves a home improvement under Conn. Gen. Stat. sec. 20-419(4) and as such is subject to the provisions of Conn. Gen. Stat. sec. 20-418
et seq., the Home Improvement Act. Plaintiffs allege that CT Page 626 the contract violates the Home Improvement Act because it fails to contain certain required elements. Further, it is alleged that the use of this contract by the defendant violates the Home Improvement Act and constitutes an unfair or deceptive trade practice under Conn. Gen. Stat. sec. 42-110b(a) (CUTPA).
The sixth count alleges that the contract is a home solicitation sale pursuant to Conn. Gen. Stat. sec. 20-429(e) and violates the Home Solicitation Sales Act because it does not contain a notice of the owner's cancellation rights in accordance with Conn. Gen. Stat. sec. 42-135a. It is alleged that the defendant further failed to comply the Home Solicitation Sales Act because he did not inform each buyer, orally, at the time of signing of his or her right to cancel and because he misrepresented the buyers' right to cancel, in violation of Conn. Gen. Stat. sec. 42-135a(6). Plaintiffs allege that such actions of the defendant in violation of the Home Solicitation Sales Act constitute an unfair or deceptive trade practice under Conn. Gen. Stat. sec. 42-110b(a).
In the seventh count plaintiffs allege that the breach of contract alleged in count one is an unfair or deceptive trade practice under CUTPA, and reallege from the fifth count that the violations of the Home Improvement Act violate CUTPA.
The contract, attached to and incorporated into the complaint, states "[t]his proposal is binding unless otherwise notified within 3 days." It is signed by two of the plaintiffs and the defendant. Plaintiffs claim, in all counts, that they have suffered loss and injuries as a result of the alleged conduct.
The defendant has moved to strike counts five, six and seven for failure to allege sufficient facts to constitute a claim under CUTPA.
In support of his motion to strike, defendant argues that a single unfair practice does not constitute a violation of CUTPA, and since counts five, six and seven of the complaint allege but a single act, they cannot state a cause of action under CUTPA. He further argues that a claim of an unfair trade practice in the context of the Home Solicitation Sales Act requires a showing of more than a single act of misconduct. Defendant also argues that plaintiff has failed to allege facts to support the allegation of an unfair or deceptive practice as defined by the standard set out in F.T.C. v. Sperry 
Hutchinson Co., 405 U.S. 233 (1972).
Plaintiffs argue that even if they had alleged but a CT Page 627 single act as a CUTPA violation, the case law does not support defendant's position that a single act cannot constitute a CUTPA violation, but rather the cases have found CUTPA violations based on a single act.
Plaintiffs argue, moreover, that they have alleged more than a single act, including multiple violations of both the Home Improvement Act and the Home Solicitation Sales Act. They further argue that violations of those acts are deemed violations of CUTPA, and therefore they have plead sufficiently to withstand the motion to strike.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Book Sec. 152 (rev'd to 1978); Ferryman v. Groton, 212 Conn. 138, 142 (1989). Allegations in a pleading that are merely conclusions of law and not supported by sufficient alleged facts are subject to a motion to strike. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285 (1982). If the complaint contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 218-19 (1987). On a motion to strike, the court examines the pleadings at issue, and assumes the truth of all well-pleaded facts, and determines whether the party, under each count, has stated a legally sufficient cause of action. Greene v. Metals Selling Corp., 3 Conn. App. 40,42 (1984).
The Connecticut Unfair Trade Practices Act
The Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. sec. 42-110a et seq. prohibits unfair methods of competition and unfair or deceptive acts or practices in trade or commerce. Conn. Gen. Stat. sec. 42-110b(a). "Trade" or "commerce" includes the sale of services. Conn. Gen. Stat. sec.42-110a(4). The act, being remedial, is to be liberally construed. Conn. Gen. Stat. sec. 42-110b(d). In determining whether an act or practice is unfair, the Connecticut courts have applied the three part test developed in F.T.C. v. Sperry 
Hutchinson Co., 405 U.S. 233 (1972). This test is
 `(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial CT Page 628 injury to consumers (or competitors or other businessmen).'
Web Press Services Corp. v. New London Motors, Inc., 205 Conn. 479,482 (1987) (quoting F.T.C. v. Sperry Hutchinson Co.,405 U.S. 233, 244-5 n. 5.). The "substantial injury" prong is subject to its own three part test to determine whether the consumer injury is unfair. Web Press, 205 Conn. at 484. Under this test the injury "must be substantial, it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces, and it must be an injury that consumers themselves could not reasonably have avoided." Id. at 484. For a trade practice to be deceptive, it must have a tendency and a capacity to deceive, and the consumer must be deceived in his initial contact with the challenged practice. Hinchliffe v. American Motors Corp., 39 Conn. Sup. 107, 129 (1982). CUTPA also requires an allegation that the plaintiff has suffered an ascertainable loss, and a single act may constitute a CUTPA violation. See Conn. Gen. Stat. sec. 42-110g(a). ("Any person who suffers any ascertainable loss . . . as a result of the use or employment of a method, act or practice . . . .") (emphasis added). See also Sadek v. Vitka, 2 CSCR 876 (July 28, 19887, Reynolds, J.).
The Home Improvement Act
The fifth count of plaintiffs' complaint alleges a violation of the Home Improvement Act, Conn. Gen. Stat. sec.20-418 through sec. 20-430 (rev'd to 1989). A violation of this act is considered a violation of CUTPA. Conn. Gen. Stat. sec.20-427(b) (rev'd to 1989). Under the Act, a "home improvement" is defined as
 the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and waterproofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the CT Page 629 contractor and owner exceeds two hundred dollars.
Conn. Gen. Stat. sec. 20-419(4). A "Home Improvement Contract" is an agreement between a contractor and an owner for the performance of a home improvement. Conn. Gen. Stat. sec. 20-419
(5). To be valid, a home improvement contract must be in writing. Conn. Gen. Stat. sec. 20-249 (rev'd to 1989). This section states:
 (a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor.
Recently, in Barrett Builders v. Miller, 215 Conn. 316
(1990), the Connecticut Supreme Court confirmed that the requirements contained in the above-cited section are mandatory.
The allegations in the plaintiffs' fifth count sufficiently allege a violation of the Home Improvement Act, and therefore state a cause of action under CUTPA. Plaintiffs allege that they entered into a contract with the defendant to do, inter alia, repairs and renovations to their home, for a price of $40,000.00. Such allegation describes a "home improvement" as that term is defined in Conn. Gen. Stat. sec. 20-419
(4). Insofar as plaintiffs have alleged that the contract does not contain a notice of their cancellation rights and does not contain starting and completion dates, they have alleged a contract in violation of Conn. Gen. Stat. sec. 20-429. The allegations of a violation of the Home Improvement Act coupled with an allegation that plaintiffs have suffered an ascertainable loss are sufficient to state a claim under CUTPA, and defendant's motion to strike the fifth count is denied.
The Home Solicitation Sales Act CT Page 630
In the sixth count plaintiffs allege that by virtue of Conn. Gen. Stat. sec. 20-249(e), the contract alleged is considered a home solicitation sale, and that defendant has violated the Home Solicitation Sales Act. They further allege that such violation constitutes a CUTPA violation.
Conn. Gen. Stat. sec. 20-429(e) states "Each home improvement contract entered into shall be considered a home solicitation sale pursuant to chapter 740 and shall be subject to the requirements of said chapter regardless of the location of the transaction or of the signing of the contract." It is submitted that the contract as alleged is a home improvement contract and is, therefore, a home solicitation sale.
The Home Solicitation Sales Act, Conn. Gen. Stat. sec. 42-132a through sec. 42-143, requires an agreement covered by the Act to be in writing if it is to be enforceable. Conn. Gen. Stat. sec. 42-135a. An agreement in a home solicitation sale is not effective if the seller fails to provide the buyer with a written statement of his cancellation rights, which statement shall be in ten point boldface type. Conn. Gen. Stat. sec. 42-135a(1). The agreement is likewise ineffective if the seller fails to inform each buyer, orally, at the time he signs the contract, of his right to cancel, Conn. Gen. Stat. sec. 42-135a(5); and misrepresents in any manner the buyer's right to cancel. Conn. Gen. Stat. sec. 42-135a(6). A violation of any of the provisions of sec. 42-135a constitutes an unfair or deceptive practice under sec. 42-110b (CUTPA). Conn. Gen. Stat. sec.42-141(b).
Plaintiffs allege in their sixth count that the contract does not contain the required notice of cancellation, that the defendant failed to inform the plaintiffs orally of their cancellation rights, and that he misrepresented their right to cancel. These allegations adequately state a claim of a violation of the Home Solicitation Sales Act, and therefore state a claim under CUTPA. For this reason, defendant's motion to strike the sixth count is denied.
Plaintiffs' seventh count incorporates the allegation of the first count (Breach of Contract) and paragraph ten of the fifth count (Contract as violation of the Home Improvement Act). The allegation of a simple breach of contract is insufficient to state a cause of action under CUTPA. However, the allegation of a violation of the Home Improvement Act in paragraph nine of the seventh count, which is per se a violation of CUTPA, saves the seventh count from the motion to strike. The proper method of challenging a single count which contains more than one cause of action is by a request to revise, not a motion CT Page 631 to strike. Connecticut Practice Book Sec. 147(3) (rev'd to 1978).
Accordingly, the defendant's motion to strike the fifth, sixth and seventh counts of the complaint is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE