[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO STRIKE
In her revised complaint, plaintiff claims that she and Gavrish were employees of Saint Vincent's Medical Center. In the first count, she claims that during the period of time they were co-employees, Gavrish "repeatedly, willfully, maliciously and recklessly threatened, harassed, intimidated and assaulted" her, resulting in the injuries and damages claimed in this action.
[EDITORS' NOTE: TWO PARAGRAPHS UN-READABLE.]
In the second count, the plaintiff claims that, in spite of numerous complaints by her and others on her behalf to Saint Vincent's Medical Center and its agents, the defendant Medical Center did nothing to prevent Gavrish's acts. She alleges that by failing to take any action whatsoever and by requiring her to return to work alongside Gavrish, "Saint Vincent's Medical Center aided, abetted and sanctioned the CT Page 713 co-defendant's willfull, malicious, reckless and wanton acts and authorized and adopted said acts as its own." As a result, she sustained the claimed injuries and damages.
Each defendant has moved to strike the relevant count on the grounds that the plaintiff's exclusive remedy is Connecticut Workers' Compensation Act.
The parties have addressed in their briefs the issue of the exclusivity of Workmen's Compensation and the exceptions for intentional acts by co-employees and the alter ego exception for employers.
However, a threshold issue is not only whether the Workmen's Compensation Act is an exclusive remedy, but whether it is an applicable remedy at all.
Even if the complaint can be clearly read as alleging that the assaultive conduct occurred in the course of her employment, the second requirement for exclusivity is that the damages arise "out of (her) employment." General Statutes Sections 31-284 (a), 31-293 (a).
"(W)hen the assault is unconnected with the employment, or is for reasons personal to the assailant and the one assaulted, or is not because the relation of employer and employee exists, and the employment is not the cause, though it may be the occasion, of the wrongful act, and may give a convenient opportunity for its execution, it is ordinarily held that the injury does not arise out of employment." Fair v. People's Savings Bank, 207 Conn. 535, 542, 542 A.2d 1118
(1988), citing 81 Am.Jur.2d 329, pp. 126-27. Although Fair did not involve a fellow employee, such cases as Willis v. Taylor Fenn Co., 137 Conn. 626, 79 A.2d 821 (1951; Stulginski v. Waterbury Rolling Mills Co., 124 Conn. 355,199 A. 653 (1938); and Jacquemin v. Turner Seymour Mfg. Co.,92 Conn. 382, 103 A. 115 (1918), have affirmed the application of this general rule to assaults by fellow employees.
The complaint does not clearly inform whether the conduct of Gavrish arose "out of employment" rather than as the culmination of animosity or dispute "unconnected with the victim's employment . . . (which) was imported into the employment from the victim's . . . private life." Fair supra, at 543. (In fact, an affidavit in the case file supports the latter as probable).
Since the pleadings, at this point, do not support the defendants' sole grounds for the motions to strike — — that Workmen's Compensation is the plaintiff's exclusive remedy, the CT Page 714 motions are denied.
NIGRO, JUDGE