[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Giovanni C. Alberino, has filed a one count complaint alleging absolute liability against the defendant, Town of Wilton. The plaintiff alleges that while riding a bicycle on a path called Lovers Lane in Merwin Meadows Park, he struck a rust colored chain suspended 14 to 16 inches high at the entrance to the bicycle path, was thrown from his bicycle, and sustained injuries.
The defendant has now filed a motion for summary judgment (#112) on the grounds that the plaintiff's claim is barred by the Recreational Use Statute, General Statutes § 52-557f, et seq., and that the doctrine of absolute liability is inapplicable to the facts of this case.
"Practice Book § 384 provides that summary judgment shall be CT Page 8812 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendant argues that because the property was open to the public, free of charge, for recreational purposes the town is protected from liability by the Recreational Use Act.[1] The defendant also contends that the plaintiff has not alleged any "wilful or malicious"[2] conduct, that absolute liability is inapplicable to the Recreational Use Act, and that the condition alleged is not "inherently dangerous." The plaintiff maintains that the complaint sounds in negligence, nuisance and absolute liability and, therefore, the defendant's conduct falls under the exception to the Recreational Use Act under § 52-557h.
In Warner v. Leslie-Elliot Constructors. Inc., 194 Conn. 129
138, 479 A.2d 231 (1984), in which the plaintiff asserted a cause of action in negligence for a chain strung across a roadway, the court stated that "[i]t is well established that causes of action for negligence and `willful or malicious conduct' are separate and distinct causes of action. There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted . . . . To raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the willful or malicious conduct of the defendants." CT Page 8813
The plaintiff has not alleged "wilful or malicious conduct" in his complaint. Despite the plaintiff's failure to plead wilful or malicious conduct, the plaintiff argues that hanging the chain was "wilful in that it was done with reckless disregard of the consequences for someone who ran into it with a bicycle." Although "wilful or malicious" has not been defined by an appellate court in the context of General Statute § 52-557h, the court in Lopes v.Post, 9 CSCR 438 (March 16, 1994) (Martin, J.), determined that recklessness is not tantamount to being "wilful or malicious" because it is not equivalent to intent. Furthermore, even if recklessness is sufficient to establish "wilful or malicious conduct," the plaintiff has also failed to plead recklessness in his complaint.
The plaintiff has not alleged willful or malicious conduct on the part of the defendant nor are the allegations sufficient to establish wilful or malicious conduct. Therefore, the allegations only support a cause of action in negligence, against which the defendant is protected from liability by the Recreational Use Statute.
The plaintiff also contends that his allegations set forth a cause of action in nuisance and absolute liability. However, the Appellate Court determine in Genco v. Connecticut Light PowerCo., 7 Conn. App. 164, 172, 508 A.2d 58 (1986), that the Recreational Use Act "does not authorize recovery for nuisance." Furthermore, "the doctrine of absolute or strict liability [is] imposed on one who engages in an ultrahazardous activity. Under this doctrine, a plaintiff is not required to show that his loss was caused by the defendant's negligence. It is sufficient to show only that the defendant engaged in an ultrahazardous activity that caused the defendant's loss. The doctrine has traditionally been applied in cases involving blasting and explosives . . . . Connecticut's sole extension beyond blasting cases is to damage from a concussion resulting from pile driving." (Citation omitted.) Green v. Ensign-Bickford Co., 25 Conn. App. 479, 482-83,95 A.2d 1383 (1991). Moreover, "[t]he issue of whether an activity is abnormally dangerous . . . is a question of law for the court to decide." Id., 485. The factors used in determining whether an activity is abnormally dangerous are the "(a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place CT Page 8814 where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes." Id.
Hanging a chain does not fit any of the factors listed, and therefore, as a matter of law, is not an abnormally dangerous activity akin to blasting or pile driving. Accordingly, the defendant's motion for summary judgment is granted.