[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Robert T. Crovo and Litchfield County Foot Clinic Surgery Center P.C. move to strike certain prayers for relief and the second count of the defendant James Nugent's counter claim against them.
This action arises out of a relationship the parties enjoyed practicing podiatry in the Torrington area from 1991 to 2001. The plaintiffs brought this suit seeking the enforcement of a non-compete covenant and other relief The defendant filed a counterclaim on two counts; the first count seeks a judicial dissolution pursuant to General Statutes § 33-896, et seq., and the second count alleges a cause under Connecticut Unfair Trade Practices Act, General Statutes § 42-110b, et seq., (CUTPA).
As to the first count, the plaintiffs seek to strike the third, fourth and fifth prayers for relief which read as follows:
3. Payment for a fair and just amount for Nugent's interest in the Foot Clinic;
4. Monetary damages;
5. Punitive damages.
The plaintiffs argue that this relief is not authorized under General Statutes § 33-896, et seq., and, that as to the third prayer for relief, the defendant is seeking double recovery CT Page 876
The plaintiffs also argue that count two of the counterclaim should be stricken in its entirety because it relates only to corporate governance and a simple breach of contract, and accordingly it does not state a valid cause of action under CUTPA.
A motion to strike challenges the legal sufficiency of a pleading. Under Practice Book § 10-39, when a party seeks to contest the "legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, the party may do so by filing a motion to strike the contested pleading or part thereof." "Like the demurrer it admits allfacts well pleaded." (Emphasis in original) Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. A speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LilijedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
"Nothing in our cases suggests, however, that every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion. We can see no reason to introduce such a rule, since a party whose motion to strike has been denied on the ground that it speaks on a fact that is not relevant to all of the legal claims could simply file a new motion limited to the arguments that do not depend upon that allegation." Id., 348-49.
"Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Emerick v. Kuhn, 52 Conn. App. 724, 739 (1999); AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545
(1980); Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 42
(1987); Greene v. Metals Selling Corp., 3 Conn. App. 40, 41 (1984).Quimby v. Kimberly Clark Corp, 28 Conn. App. 660, 664, 613 A.2d 838
(1992). CT Page 877
As to the prayers for relief pertaining to the first count, the court agrees that two should be stricken. Neither monetary damages nor punitive damages are included in the relief available under General Statutes § 33-896 et seq. In this statutory cause of action, the court is restricted to the express statutory authorization for the award of damages. Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91, 98 (1995). Accordingly, the prayers for relief, four and five, seeking monetary and punitive damages, are ordered stricken.
As to the third prayer for relief, the court denies the motion to strike. The relief claimed is authorized under the statute, General Statutes §§ 33-899 and 33-900. Further, the defendant is entitled to plead in the alternative. See Practice Book § 10-25.
The plaintiffs seek to strike count two on the grounds that the conduct alleged does not involve any trade or commerce. General Statutes §42-110b (a). They argue that the allegations involve only corporate governance or simple breach of contract. See Ostrowski v. Avery,243 Conn. 355, 379 (1997). The defendant responds that under the law set forth in Fink v. Golenbock, 238 Conn. 183 (1996), the allegations of count two are sufficient to establish a CUTPA claim.
In count two, the defendant alleges:
 1) that Crovo (without consulting Nugent) instituted a civil action against Nugent seeking an injunctive relief enforcing a non-competition clause provided in the agreement as to the conduct of Nugent subsequent to June 30, 2001. (Nugent's Counterclaim, November 1, 2001, [Counterclaim], ¶ 10).
 2) that the action was brought with the knowledge that a) Nugent intended to leave the Foot Clinic on a voluntary basis, b) Crovo did not intend to purchase the stock of Nugent and c) the non-competition clause as to the conduct of Nugent subsequent to June 30, 2001, would be null and void and of no effect as to his conduct. (Counterclaim ¶ 11.)
 3) that Crovo instituted the civil action to enforce the non-competition clause as to Nugent to induce Nugent to believe that Crovo intended to purchase Nugent's stock and to induce Nugent to delay seeking a dissolution of the corporation. (Counterclaim ¶ 13.)
 4) that Crovo was in breach of the express terms of the Agreement and had been in breach of the express terms of the agreement since 1998 CT Page 878 because the agreement required that both Crovo and Nugent devote their full-time and energies to the practice of podiatry for the Foot Clinic, but Crovo did not, rather he acted as the full-time tax collector for the City of Torrington thereby detracting him from his commitment to the Clinic. (Counterclaim ¶ 14.)
 5) that Crovo has made financial decisions relative to the operation of the Foot Clinic, including decisions relative to its capital purchases, leases, and other financial situations that inured to the benefit of Crovo and to the detriment of Nugent. (Counterclaim ¶ 15.)
In Fink v. Golenbeck, supra, the Supreme Court found that CUTPA was an available cause of action where a defendant "took certain actions designed to usurp the business and clientele of one corporation in favor of another." 238 Conn. 212. In that case the plaintiff brought a derivative suit on behalf of a professional medical corporation against the defendant physicians for wrongful conversion, tortious interference with business expectancies, and unjust enrichment. In upholding the trial court's judgment in favor of the plaintiff on the CUTPA count, the court noted that the defendant's actions "went well beyond governance of the corporation, and placed him in direct competition with the interests of the corporation." Id, 213. See also, Spector v. Konover, 57 Conn. App. 121,133-34, cert. denied, 254 Conn. 913 (2000).
Here, the allegations do not include conduct that can be fairly characterized as engaging in unfair methods of competition or unfair or deceptive acts or practices in a trade or commerce outside of intracorporate governance. For that reason, the motion to strike count two of the counterclaim is granted.
In summary, the motion is granted as to prayers for relief 4 and 5 of Count 1 and denied as to prayer for relief 3 of Count 1. The motion is granted as to Count 2.
DiPentima, J.