## JANICE WESSON *v.* CITY OF MILFORD
### (2935)

HULL, DALY and D. DORSEY, Js.

Argued June 17—decision released September 24, 1985

*Christopher B. Carveth,* with whom, on the brief, was *Gerald F. Stevens,* for the appellant (plaintiff).

*Michael P. Del Sole,* for the appellee (defendant).

D. DORSEY, J. The complaint alleged that Robert W. Wesson was injured while working at his employment with the city of Milford on April 1, 1980. The plaintiff is the wife of Wesson and seeks damages independently of the Workers' Compensation Act for a negligently inflicted loss of consortium resulting from the alleged

negligence of the defendant. The defendant filed a motion to strike the complaint predicated on General Statutes § 31-284 (a). The plaintiff concedes in her brief that Wesson was covered by chapter 568 of the General Statutes, the Workers' Compensation Act, and has received medical and disability benefits under that act. She also concedes that her husband has no independent right of action against the defendant and that, as to his injury and losses, his exclusive remedy was and is workers' compensation. The trial court decided the motion on the assumption that the plaintiff meets the definition of "dependent" as defined in General Statutes § 31-275 (4).[1] This assumption was necessary for a construction of General Statutes § 31-284 (a).[2] Subsequently, on November 17, 1983, the plaintiff responded to a request for admission by admitting that, on April 1, 1980, she was a dependent of Wesson as defined in General Statutes § 31-275 (4).

The trial court considered the defendant's motion to strike to be grounded on the theory that General Statutes § 31-284 precluded an independent tort cause of action by a dependent of a covered employee for any

[1] General Statutes § 31-275 (4) provides " 'Dependent,' except as provided in section 31-308b, means a member of the injured employee's family or next of kin who was wholly or partly dependent upon the earnings of the employee at the time of the injury."

[2] General Statutes § 31-284 (a) provides: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

accidental injury to an employee occurring during the course of, and arising out of the employment of the employee.

The trial court noted that the plaintiff, while recognizing the weight of authority against her position, relied primarily on decisions from two jurisdictions, Massachusetts and New Hampshire. The court distinguished the Connecticut exclusive remedy statute; General Statutes § 31-284 (a); from the statutes in effect in those states and granted the defendant's motion to strike. Judgment was thereafter rendered for the defendant, whereupon the plaintiff appealed.

The issue presented by this appeal is whether a spousal dependent is barred by General Statutes § 31-284 (a) from bringing an independent cause of action for loss of consortium predicated on an injury which was compensable under the Workers' Compensation Act.

The plaintiff contends that because the exclusive remedy provision, General Statutes § 31-284 (a), was enacted in 1913 at a time when the common law right of loss of consortium was not recognized in Connecticut; see *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260 (1979); it cannot be construed to abolish a right not then in existence. The plaintiff also asserts that such a construction would violate due process of law. Conn. Const., art. I §§ 8, 10; U.S. Const., amend. XIV § 1.

The defendant argues that General Statutes § 31-284 does bar a spousal dependent from maintaining a cause of action for loss of consortium based on an accidental injury to an employee covered under the Workers' Compensation Act. The defendant also contends that the equal protection clauses of the United States and Connecticut constitutions do not guarantee the presentation of an action for loss of consortium when the spouse's injury occurs in a workplace setting.

"We first must examine the applicable standard of review on a motion to strike. The motion to strike; Practice Book § 151; replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. Practice Book § 152. The motion to strike, like the demurrer, admits all facts well pleaded. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980). A motion to strike admits facts only. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. *McAdam* v. *Sheldon*, 153 Conn. 278, 282, 216 A.2d 193 (1965). We must examine the complaint, assuming the truth of all well-pleaded facts, to determine whether the plaintiff, under each count, has stated a legally sufficient cause of action." *Greene* v. *Metals Selling Corporation*, 3 Conn. App. 40, 41–42, 484 A.2d 478 (1984).

The Workers' Compensation Act is the exclusive remedy for injuries sustained by an employee "arising out of and in the course of his employment." General Statutes § 31-284 (a). All rights and claims between employers and employees, or any representatives or dependents of such employees arising out of personal injury or death sustained in the course of employment are abolished, other than rights and claims given by that chapter. *Velardi* v. *Ryder Truck Rental, Inc.*, 178 Conn. 371, 375, 423 A.2d 77 (1979).

"Under the working of most 'exclusive remedy' clauses [such as § 31-284 (a)], any common-law right of a husband or wife to sue for loss of the wife's or husband's services and consortium . . . is barred. In rare and unusual circumstances, however, it may be possi-

ble to show that the injury to the spouse . . . was such an independent violation of duty that its abrogation was not contemplated by the exclusive remedy provision." 2A Larson, The Law of Workmen's Compensation § 66.00. These rare and unusual circumstances involve a truly independent breach of a duty toward a spouse often occurring at a different time and within a different context than the underlying accidental injury to the employee. This theory has no application to the case at hand since the wrong complained of by the plaintiff is rooted in time, place and circumstances to her employee husband's accidental compensable injury.

The types of exclusive liability statutes vary from state to state. The Massachusetts statute relied upon by the plaintiff provides that the employee, by coming within the act, waives *his* common law rights. Massachusetts General Laws, c. 152, § 24 (1965). Other states have laws specifying that the employer's liability shall be exclusive or that he shall have no liability whatsoever. The New York law, N.Y. Workmen's Comp. Law, § 11 (1968), excludes actions by employees, personal representatives, husbands, parents, next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of injury or death. 2A Larson, supra, § 66.10.

Section 31-284 (a) is not as detailed as the New York statute but it is clear and unambiguous in its exclusion or abolition of claims and rights between employer and employees, or any representatives or dependents of said employees arising out of personal injury or death sustained in the course of employment. Every word in a legislative enactment is presumed to have meaning. *State ex rel. Kennedy* v. *Frauwirth,* 167 Conn. 165, 168, 355 A.2d 39 (1974). "[C]ourts do not torture words to import ambiguity where the ordinary meaning leaves no room for it." *Heffernan* v. *Slapin,* 182 Conn. 40, 46, 438 A.2d 1 (1980).

*Hopson* v. *St. Mary's Hospital,* supra, 494, tells us that "because a consortium action is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse has been terminated by settlement or by an adverse judgment on the merits." In *Hopson,* the court noted a general consensus that where possible the consortium claim should be joined with the claim for personal injury. Id. In a situation such as this, where the injured worker is excluded from the courts and the injured spouse is excluded from the workers' compensation forum, such practicalities designed to avoid double recovery are not possible.

The landmark case of *Hitaffer* v. *Argonne Co.,* 183 F.2d 811, 815 (D.C. Cir.), cert. denied, 340 U.S. 852, 71 S. Ct. 80, 95 L. Ed. 624 (1950), stated that "[i]nvasion of the *consortium* is an independent wrong directly to the spouse so injured." (Emphasis in original.) It is crystal clear, however, that in Connecticut a consortium action is derivative of the injured spouse's cause of action. *Hopson* v. *St. Mary's Hospital,* supra.[3] In *Greene* v. *Metals Selling Corporation,* supra, the trial court granted a motion to strike the fourth count of a wrongful death claim initiated by the administratrix of the estate of Everett Greene, Jr. The decedent was killed in an industrial accident and the plaintiff pursued a common law action for the wrongful death of her husband on the basis of the alleged wilful and wanton misconduct of the defendant corporate employer. The fourth count of her complaint sought recovery for a loss of consortium by the plaintiff wife individually. The appellate court found no error and sustained the trial court's decision to strike the entire complaint. In its

---

[3] We deem it unnecessarily burdensome to cite the cases from thirty-six jurisdictions found in the defendant's brief which, under varying workers' compensation statutes, have determined that loss of consortium, being derivative of the worker's rights, cannot constitute the basis of an independent action.

decision, the court, citing *Hopson* v. *St. Mary's Hospital,* supra, stated that a consortium action is derivative of the injured spouse's cause of action. In view of these cases, the plaintiff's position that the injury suffered by the wife was a wrong independent of the injury to the husband cannot be maintained. Since the injury to the spouse of the employee is derivative in nature, it is barred by the sweeping language describing the employer's immunity. General Statutes § 31-284 (a). 2A Larson, supra, § 66.20, suggests that this sweeping language seems to indicate a legislative intention actually reflected in the majority rule.

The plaintiff argues that the immunity provided by this section applies only to rights that were in existence at the time the Workers' Compensation Act was enacted in 1913. She reasons that since her right to sue for loss of consortium was not recognized in Connecticut until 1979; *Hopson* v. *St. Mary's Hospital,* supra; it could not have been abolished by legislative action in 1913.

As noted earlier in this opinion, the immunity section is unambiguous. In a recent case the Supreme Court declined to extend an exception to this section; General Statutes § 31-284 (a); which would have denied the immunity to employers for injuries to employees resulting from "intentional" or "wilful" or "reckless" violations by the employee of safety standards established pursuant to federal and state laws such as the federal Occupational Safety and Health Administration Act. The court gave several reasons for declining to construe § 31-284 to permit a further judicial exception to the statute. One reason pertinent to this decision is "that to do so would in this case usurp the legislative function." *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 106, 491 A.2d 368 (1985).

There is no logical reason why the legislature in 1913 could not have intended to abolish prospective common

law derivative causes of action, such as actions for loss of consortium, not then recognized in Connecticut. The plaintiff has argued in her brief that such a presently recognized legally protected interest cannot be deprived without due process of law. 2A Larson, supra, § 66.20, notes that in the great majority of cases such restrictions have survived constitutional attack since the derivative actions barred were not constitutional in origin.

"The legislature in the exercise of its police power can alter or abolish accepted principles of common-law liability to pay compensation for injuries without violating constitutional mandates." *Pierce* v. *Albanese,* 144 Conn. 241, 250, 129 A.2d 606 (1957). "Constitutional justification for such legislation must be found in the nature of the problem confronting the legislature, the purpose to be accomplished, and the means adopted to accomplish it." Id., 251. " 'A statute does not constitute a denial of the equal protection of the laws merely because it extends to some persons privileges denied to others, or imposes restrictions or liabilities on some but not on others. [Absent a suspect classification, or invidious discrimination, such] discriminations render legislation void where they are arbitrary or unreasonable, but not where they are based on real differences . . . and are reasonable in extent.' " *Silver* v. *Silver,* 108 Conn. 371, 378 143 A. 240 (1928), aff'd, 280 U.S. 117, 50 S. Ct. 57, 74 L. Ed. 221 (1929). "The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault . . . ." *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979). "In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." *Mingachos* v. *CBS, Inc.,* supra, 97. The plaintiff is unable to persuade the court that the

Connecticut statute, General Statutes § 31-284 (a), does not bear a rational relationship to a legitimate state purpose and is not based on reasons related to that end.

Under the common law, a wife had no legal claim for the services or society of her husband. *Marri* v. *Stamford Street R. Co.,* 84 Conn. 9, 78 A. 582 (1911). Connecticut first recognized this right in 1979 when *Marri* was overruled by *Hopson* v. *St. Mary's Hospital,* supra. If the right to sue for loss of consortium is a common law right, the legislature may abolish it. If it is a constitutional right to sue, article first, § 10 of the Connecticut constitution curtails the legislative right to abolish it. If the right to sue for loss of consortium is a constitutionally established common law right or a right extant at the time of the adoption of article first, § 10 of the constitution, the legislature may not abolish the right entirely but may legislate a reasonable alternative to such right. It is clear from *Hopson* v. *St. Mary's Hospital,* supra, that the right to sue for loss of consortium by a wife is not a constitutionally incorporated common law right or a constitutional right. Hence, it may be changed at the will or even the whim of the legislature. See *Gentile* v. *Altermatt,* 169 Conn. 267, 283–84, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 463 L. Ed. 2d 631 (1976).

Accordingly, the court is not persuaded that General Statutes § 31-284, by granting immunity to employers from loss of consortium suits by the spouses of workers injured in accidents arising out of and in the course of their employment, violates either the due process clause of the federal or state constitutions or article first, § 10[4] of the Connecticut constitution.

---

[4] Conn. Const., art. I § 10 provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Concluding as we do, that the right to sue for loss of consortium, by the wife of an injured employee, for damages on account of personal injury sustained by an employee arising out of and in the course of his employment is a derivative right, we must conclude that it is abolished by § 31-284 (a).

There is no error.

In this opinion the other judges concurred.