[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case involves a setoff by the defendant against a bank account of a law firm which held funds for the plaintiff and other clients. While there is some dispute as to the exact nature of the account, it was maintained by the law firm as a trustee account. The original and the revised complaint contained three counts. The first count claimed that the funds given by the plaintiff to the law firm were a bailment, that the funds belonged to the plaintiff, and that the withdrawals of the funds from the lawyer's trustee account was a wrongful infringement of the rights of the plaintiff as a bailee to the funds. The second count repeats some of the allegations of the first count and claims that the withdrawal of the funds by the defendant bank was wilful and malicious in several respects. The third count attempts to state a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA). In its answer the defendant denied that the bank account used for the setoff was a trustee account and that the plaintiff was a bailee. The defendant also filed five special defenses to the complaint. Each of the first four special defenses claimed, for different reasons, that the defendant has a common law right of setoff against what it calls the checking account of the law firm to recover amounts owed to it by the law firm. The fifth special defense claims that the plaintiff had no contractual relationship with the defendant bank, that no privity of contract existed between the plaintiff and the law firm and, as a result, the plaintiff has no standing to bring this action. The plaintiff has filed a motion to strike the five special defenses.
After the plaintiff filed the motion to strike it filed CT Page 131 an amended complaint to add two additional counts. The fourth count alleges wrongful taking of the plaintiff's property and the fifth count claims that the filing of the five special defenses amounts to vexatious litigation and an unfair or deceptive act or practice. The defendant has not filed an answer and special defenses to the five count amended complaint dated November 30, 1990. Under some circumstances the filing of an amended complaint would be grounds for the court to decline to decide the motion to strike. Since the defendant failed to amend its answer and special defenses within ten days of the amended complaint, and the first three counts of the complaint have been retained, the special defenses are applicable to the amended complaint. Section 177, Conn. Practice Book.
A motion to strike can be used to test a special defense. Section 152(5) Connecticut Practice Book; Nowak v. Nowak, 175 Conn. 112, 116. When ruling on a motion to strike the court must construe the facts alleged in the pleading in the manner most favorable to the pleader. Rowe v. Godou,209 Conn. 273, 278; Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. The court is required to assume the truth of the allegations contained in the special defense. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 520, 530n. The allegations in the special defense are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. Wesson v. Milford,5 Conn. App. 369, 372.
Funds deposited in a bank for a special purpose known to the bank or under a special agreement cannot be setoff by the bank against a debt due it from a depositor. Rosa v. Colonial Bank, 207 Conn. 483, 494. Whether a special purpose account exists is a question of fact. Simply stated, under fact patterns similar to this case, depending what the facts are, in some cases the bank has a right of setoff, while in other cases it does not. Id., 494, 495. The legal effect of depositing a check in a bank depends upon the intent of the parties. Bassett v. Mechanic's Bank, 117 Conn. 407, 413. This also is a question of fact. Depending upon the evidence produced at the trial, the bank may have a common law right of setoff as claimed in its first, second, third or fourth special defenses. There is also a factual question as to the relationship between the plaintiff and the law firm. Factual issues cannot be decided on a motion to strike.
The fifth special defense is that the plaintiff has no standing to sue the bank for the funds obtained by the setoff against the law firm's account because "the plaintiff had no contractual relationship with the defendant and no privity of CT Page 132 contract existed between the plaintiff and the" law firm. [The defense seems factually incorrect because the plaintiff clearly had at least an implied contract with the law firm.] If the defendant intended to claim in the special defense that the plaintiff had no contract with the bank, that still would not be a valid defense to this action. The three counts to which the fifth special defense is addressed (and the two additional counts added in the amended complaint), are not actions by the plaintiff as a claimed third party beneficiary of a contract between the law firm and the bank, even though such contracts do not necessarily require privity. See Stowe v. Smith, 184 Conn. 194, 197; Knapp v. New Haven Road Construction Co., 150 Conn. 321, 326. All the counts in the complaint are based on alleged tortious conduct by the bank against the plaintiff which does not require proof of privity of contract. Coburn v. Lenox Homes, Inc.,173 Conn. 567, 574; Zapata v. Burns, 207 Conn. 496, 516, 517. The claim is that the bank wrongfully took the plaintiff's money not that it breached a contract. None of the five counts of the complaint allege that the plaintiff was a third party beneficiary of a contract between the bank and the law firm where it was intended by the law firm that the bank would assume a direct obligation to the plaintiff as a third party. Knapp v. New Haven Road Construction Co., supra, 325; Stowe v. Smith, supra, 196. Lack of privity of contract is not a valid defense for the causes of action alleged in the amended complaint.
The motion to strike the first, second, third and fourth special defenses is denied. The motion to strike the fifth special defense is granted.
ROBERT A. FULLER, JUDGE.