[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The issue before the court is whether counts one through four of plaintiff's second revised complaint, alleging breach of the implied covenant of good faith and fair dealing, tortious breach of contract, violation of CUTPA and violation of CUIPA, should be stricken for failure to state a cause of action upon which relief can be granted.
The plaintiff, Edward E. Ciarleglio, asserts claims in four courts against the defendant Fireman's Fund Insurance Company ("Fireman's Fund"). Count one alleges a breach of the implied covenant of good faith and fair dealing; count two is for tortious breach of contract; counts three and four allege respectively violations of the Unfair Trade Practices Act ("CUTPA") and the Unfair Insurance Practice Act ("CUTPA"). The claims are connected to a work related injury sustained on November 17, 1986 while plaintiff was employed by D.I. Chapman Company. Fireman's Fund is CT Page 4149 the Workers' Compensation carrier for Chapman.
Fireman's Fund now moves to strike all counts of the four count second revised complaint for failure to state a cause of action. As grounds for its motion to strike, defendant asserts that: (1) the Workers' Compensation Act ("the Act") is plaintiff's exclusive remedy; (2) plaintiff failed to exhaust his administrative remedies; and (3) the allegations of CUTPA and CUIPA violations are insufficient to state a cause of action. The parties have filed memorandum of law as required by Practice Book 155.
A party may contest the legal sufficiency of the allegations of a complaint by filing a motion to strike. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Gordon, supra, 170; and those facts are to be construed in the manner most favorable to the nonmoving party; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). Only those grounds specified in the motion may be considered by the court in striking a complaint. Morris v. Hartford Courant Co., 200 Conn. 676, 682, 513 A.2d 66 (1986); Meredith v. Police Commission, 182 Conn. 138, 141, 438 A.2d 27
(1980).
Plaintiff argues that exclusivity is an inappropriate ground for a motion to strike. The case law does not support plaintiff's argument. See Jett v. Dunlap, 179 Conn. 215, 220, 425 A.2d 1263
(1979) (judgment upon demurrer upheld on the basis of exclusivity of the Act); Wesson v. Milford, 5 Conn. App. 369, 498 A.2d 505
(1985) and Greene v. The Metals Selling Corp., 3 Conn. App. 40, 484
A.2d (1984) (motions to strike upheld on grounds of exclusivity of the Act). It is clear that exclusivity is properly raised in a motion to strike.
Contract Claims: Counts One and Two
The plaintiff in count one alleges a claim for breach of the implied covenant of good faith and fair dealing. Count two alleges a tortious breach of contract. The contract in question is the Workers' Compensation liability insurance policy which the defendant issue to plaintiff's employer, D.I. Chapman Company. Plaintiff asserts that defendant acted in bad faith, intentionally and knowingly, in not paying benefits to which he was entitled under the Workers' Compensation Act. Plaintiff argues that his claims are not barred by the exclusivity provisions of the Act, as the actions complained of were intentional and occurred subsequent to the work related injury. CT Page 4150
In its motion to strike, the defendant Fireman's Fund argues that the Workers' Compensation Act is the exclusive remedy in this case since the plaintiff has not alleged facts sufficient to bring its causes of action outside the scope of the Act. Specifically, defendant asserts that the actions plaintiff complains of are sanctioned by the Act, which sets forth procedures for disputing a claim for benefits and for resolution of such dispute. The gravamen of defendant's argument is that the plaintiff has failed to allege that the defendant violated any dictate of the Act, or even that he was awarded benefits by the Workers' Compensation Commission[1] which would trigger any obligation on the part of the defendant to make payments. Thus, the defendant concludes that the plaintiff does not have a viable cause of action for breach of contract, and counts one and two must be stricken. The court concludes that the defendant's argument has merit.
The Workers' Compensation Act provides the exclusive remedy for employees who sustain "damages on account of personal injury sustained by an employee arising out of and in the course of employment." General Statutes 31-284(a); Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532, 494 A.2d 555
(1985). Plaintiff states in his memorandum that the damages he seeks are not for the personal injury he sustained while working for D. I. Chapman, but rather for damages resulting from defendant's acts in the claims settlement process. Plaintiff relies on Carpentino v. Transport Insurance Co., 609 F. Sup. 556 (D. Conn. 1985) to support his argument that an employee has a viable tort action against an insurer who does not comply with its obligations under the Act. Carpentino, is distinguishable, however, from the facts of this case in one very important aspect, namely, that the claimant therein had been awarded Worker's Compensation benefits by the commissioner, which benefits were later unilaterally and unjustly terminated by the insurer without permission of the commissioner. See Id. The damages plaintiff seeks here apparently arose before any determination of plaintiff's entitlement to benefits occurred.
"[T]he [Worker's Compensation] act was intended to be and is the exclusive remedy available where it appears that the necessary employer-employee relationship exists and the injury-producing transaction arises out of and in the course of that employment unless it is demonstrated otherwise." Perille, supra, 541-42. The injuries allegedly suffered by plaintiff are causally connected to his initial job related injury, are thereby incidental to his employment, and are therefore excluded by the Act. See Salzberg v. Gateway Bank, 1 Conn. L. Rptr. 550 (April 26, 1990, Landau, J.), where the court held that injuries allegedly caused by the employer's filing of false statements with the Unemployment Commission one month after plaintiff's termination, occurred during the course of employment and any claim for such injuries was barred by the exclusive remedy provision of the Act. CT Page 4151
It is further found that even if the first and second counts of plaintiff's complaint were not barred by the Act, those counts should be stricken since plaintiff has not alleged sufficient facts to support his claims. "In an action on an insurance policy, the conduct giving rise to the insurer's liability is a failure to pay out the policy proceeds when the insurer is contractually bound to do so." Lees v. Middlesex Ins. Co., 219 Conn. 644, 653, A.2d 952 (1991). Although plaintiff would like the law to be otherwise, "[e]ntitlement, to workers' compensation benefits does not attach upon a mere request for payment;" to demonstrate such entitlement, the employee must establish the employer's liability to compensation. Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208,212, 535 A.2d 390 (1988). It is noted that this has not been done. Further, the Workers' Compensation Act clearly permits an employer to dispute an employee's entitlement to benefits; General Statutes 31-297(b); and provides for a formal hearing in the event no agreement between the employer and employee has been reached within a specified time; General Statutes 31-297(a). It follows logically that there is no legal basis for holding an employer or his insurer liable for challenging an employee's right to receive Workers' Compensation when the statute foresees and allows such a challenge. In light of the fact that the plaintiff admittedly has no right to benefits (see footnote 1), and that there are no allegations that defendant failed to comply with the terms of its insurance policy or violated some provision of the Act, it is clear that the plaintiff has not plead a claim for breach of covenant of good faith or breach of contract and counts one and two should be stricken.
The defendant also raises the doctrine of exhaustion and consequently the subject matter jurisdiction of this court. Defendant asserts that if plaintiff has not been paid benefits to which he is entitled, he may request a formal hearing before the commissioner pursuant to General Statutes 31-297 (a)[2]. Defendant contends that since plaintiff has failed to allege that he requested a hearing, that a hearing has been held, and that an award has been made in his favor, plaintiff has failed to exhaust the administrative remedy available to him and now attempts to circumvent the statutory scheme by merely alleging acts of bad faith on the part of the defendant.
Failure to exhaust an adequate administrative remedy goes to subject matter jurisdiction. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 529 A.2d 666 (1987). Subject matter jurisdiction may be raised at any time. Id. "`Once brought to the attention of the court, regardless of the form of the motion, [the issue of jurisdiction] must be acted on.' Cahill v. Board of Education, 198 Conn. 229, 238 502 A.2d 410 (1985) (Cahill II); East Side Civil Assn. v. Planning Zoning Commission, 161 Conn. 558, CT Page 4152 559, 290 A.2d 348 (1971); Carten v. Carten, 153 Conn. 603, 610,219 A.2d 711 (1966)." Id., 556-57.
The doctrine of exhaustion leaves to the agency questions over which the agency has primary jurisdiction. Cahill, supra, 241-42. In bypassing the agency, a claimant "deprives [the agency] of the opportunity to hear, analyze and review a matter within its responsibility and expertise." Id. Where an administrative remedy is inadequate or futile, however, the exhaustion doctrine does not apply, and the court may hear the matter. Id., 241.
Plaintiff counters in his memorandum of law that the acts complained of occurred after and in a manner not related to the work related injury, and thus fall outside the purview of the jurisdiction of the commission. Based on the discussion above, this argument has no merit. Plaintiff further argues that the Workers' Compensation Commission has expressly declined to entertain claims of bad faith in handling compensation claims. In support he attaches as Exhibit B to his memorandum a portion of a transcript of a hearing in an allegedly similar case entitled Meola v. Carolton Chronic Convalescent Hospital, Inc., (pending in the J.D. of Fairfield at Bridgeport), in which, during the course of the hearing, Commissioner Frank Verrilli refused to address the claimant's claims of bad faith on the part of the insurer and stated: "I do not want this on the record again. You do that in another court." General Statutes 31-301 provides for appeal of a decision of the commissioner to the compensation review division. Further appeal may be taken to the State's appellate court. General Statutes 31-301b. Plaintiff has not alleged that he has done either.
This court finds that plaintiff failed to exhaust an adequate administrative remedy, accordingly counts one and two should be dismissed for lack of subject matter jurisdiction. CUTPA and CUIPA Claims: Counts Three and Four
Plaintiff's third count is for violation of Connecticut's Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110b et seq.[3] The fourth count alleges violation of Connecticut's Unfair Insurance Practices Act ("CUIPA"), General Statutes 38-60 et seq.[4] (now General Statutes 38a-815 et seq.). The law is unsettled as to whether CUIPA provides a private cause of action. See Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986). There is no question, however, that a CUIPA violation constitutes a CUTPA violation. Id., 663. This court need not reach the issue of whether or not count four may stand on its own, since plaintiff's insufficient pleading of a CUIPA violation necessitates the striking of both counts.
Although the plaintiff does not specify which CUIPA section or CT Page 4153 subsection allegedly applies to the actions of the defendant; see footnote 4; it is clear that plaintiff is relying on 38-61(6)[5]
(now General Statutes 38a-816(6)) entitled "Unfair claim settlement practices". This subsection requires that the action or actions complained of be "committ[ed] or perform[ed] with such frequency as to indicate a general business practice." General Statutes 38-61(6). Defendant argues in its motion to strike that plaintiff has not plead viable claims under CUTPA and CUIPA because plaintiff has not alleged a "general business practice". It is found that defendant is correct.
Mead, supra, holds that claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct. Mead at 659. "The definition of unacceptable insurer conduct in 38-61 [now 38a-816] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of public policy of this state as to warrant statutory intervention." Id., 666. Mead further holds that the same standards concerning the requirement of a "general business practice" applies to CUTPA as well as to CUIPA when the CUTPA claim is based on the CUIPA unfair settlement practice. Id., 663-66.
In paragraphs "18" and "21" of his second revised complaint, plaintiff makes several allegations concerning defendant's failure to pay benefits in a timely manner. These allegations will not be considered as defendant had no obligation to pay any benefits (see footnote 1). The other allegations state that defendant failed to investigate plaintiff's claim in a timely manner, refused to agree to a reasonable resolution of such claims within a reasonable time, refused to interpret and apply terms and provisions of its insurance obligations, failed and refused to state fully and fairly any reason for its acts. It is submitted that these allegations, which pertain to acts of the defendant in response to the sole claim for compensation benefits made by plaintiff, does not constitute a "general business practice" under a fair reading of the statute and Mead, supra. See Quimby v. Kimberly Clark Corp.,4 Conn. L. Rptr. 211, 213 (June 11, 1991, Susco, J.) and Buenaventura v. Savings Bank Life Ins. Co., 2 Conn. L. Rptr. 747, 748 (October 12, 1990, Heiman, J.) (where allegations related solely to plaintiff's own claim and there were no allegations that insurer treated others similarly, CUTPA and CUIPA counts were stricken). But see Sambuco v. Aetna Casualty Surety Co.,4 Conn. L. Rptr. 90 (June 3, 1991, Karazin, J.) (multiple acts arising out of same settlement transaction sufficient to state a cause of action under General Statutes 38-61(6) [now 38a-861(c)]). For this reason, it is found that counts three and four should be stricken.
Counts one and two are stricken on the grounds that the CT Page 4154 Worker's Compensation Act provides the exclusive remedy; and that plaintiff has not plead sufficient facts to support his claim.
Counts three and four are stricken on the grounds that plaintiff has failed to plead facts sufficient to state a cause of action based on CUTPA and CUIPA.
WILLIAM J. McGRATH, J.