[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, John Carone, brought this action, pursuant to the products Liability Act Conn. Gen. Stat. 52-572 et seq., against Waldbaum, Inc. The complaint alleges that the plaintiff, while on a break from his employment at the delicatessen department in one of the defendant's supermarkets, ate a cookie manufactured at the market by the defendant, which was unsafe and defective because it contained a razor blade. As a CT Page 11085 result, the plaintiff sustained personal injuries. The defendant filed this motion for summary judgment on the ground that the undisputed facts demonstrate that the plaintiff has filed a claim for and received Worker's Compensation Benefits, by virtue of which, he has made an exclusive election of remedies and is precluded from bringing this law suit.
Connecticut Practice Book 348 provides that summary judgment shall be ordered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing the absence of genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984). Whether the moving party is entitled to summary judgment is decided by applying the same standard used to determine whether the movant would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission of the City of Stamford, 158 Conn. 364, 380,260 A.2d 596, 605 (1969). In Connecticut, a directed verdict is proper only when the evidence, viewed in the light most favorable to the non-movant, could not reasonably lead the trier of fact to conclude otherwise. Id.
The defendant argues that the undisputed facts demonstrate that the plaintiff is barred from bringing the instant lawsuit because the plaintiff has applied for and received worker's compensation benefits. It is well established that the worker's compensation act is an employee's exclusive remedy for personal injuries arising out of and in the course of employment. See, e.g., Wesson v. City of Milford, 5 Conn. App. 369,498 A.2d 505 (1985); McKinley v. Musshorn, 185 Conn. 616,441 A.2d 600 (1981). While in principle this argument is correct, the defendant's argument fails because the plaintiff worker's compensation claim is disputed.
The plaintiff, in opposition to the defendant's motion, has submitted a Form 43 notice to contest liability to pay compensation and an affidavit from Attorney Jeffrey Dressler stating that the Worker's Compensation Committee has not yet made a final determination on the plaintiff's worker's compensation claim. The claim is contested on the grounds that: (1) the plaintiff's injury did not arise out of employment, (2) the injury did not occur in the course of employment, and (3) the injury is not causally connected to employment. In light of these facts, a material issue of fact exists as to whether the plaintiff is barred from bringing this lawsuit.
Because the plaintiff's worker's compensation claim has not been resolved, summary judgment is improper at this time. CT Page 11086
Accordingly, the defendant's motion is denied.