[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, plaintiff Kurtzman-Violette Heating and Air Conditioning Company, Inc. ("Kurtzman-Violette") has sued defendant Konover Construction Corporation ("Konover") to recover sums allegedly due for work it claims to have performed for Konover on a State construction project. In the First Count of its three-count Complaint dated October 21, 1994, the plaintiff claims that Konover issued a subcontract agreement to the plaintiff for mechanical work on State of Connecticut Project MD-93-23-B, Camp Weicker, Niantic, Connecticut. Complaint, Count I, ¶¶ 3-4. The CT Page 5854 plaintiff alleges that the adjusted contract price was $39,900.00; id. Count I, ¶ 4; that it completed all of its work under the contract; id. ¶ 5; and that it is now owed a balance of $18,480.00 under the contract. Id., ¶ 6.
In the Second Count of its Complaint, the plaintiff realleges the foregoing allegations from the First Count and contends that Konover's failure to pay it the remainder of the contract price within thirty days of receiving funds from the State for that purpose violates the provisions of General Statutes § 49-41c. Id., Count II ¶¶ 6-8.
In the Third Count of the Complaint the plaintiff claims that the defendant has been unjustly enriched by receiving the benefit of its work on the above-described project without fully paying it for that work, and thus that it must now pay the plaintiff for the reasonable value of its work. Id., Count III, ¶¶ 4-6. The Third Count does not allege that the work for which it seeks to be paid was performed under the terms of a contract, nor does it allege that any contract for such work was ever abandoned, superseded or set aside.
The defendant has moved this Court to strike the Second and Third Counts of the Complaint on the ground that they fail to state claims upon which relief can be granted. The defendant claims, in particular, that the Second Count must be stricken because the statute under which it is brought does not afford the plaintiff a private cause of action, and that the Third Count must be stricken because it fails to state all the elements essential to a cause of action for unjust enrichment. Both parties have filed briefs and supplemental memoranda of law in support of their respective positions on the motion.
 I
A motion to strike challenges the legal sufficiency of a pleading. Conn. Prac. Book § 152; Wesson v. City ofMilford, 5 Conn. App. 369, 372 (1985). Although the allegations of the challenged pleading are to be construed in a manner most favorable to the non-moving party, a court cannot look beyond the pleadings for facts not alleged therein. Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86 (1986). Moreover, a motion to strike admits facts CT Page 5855 only. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 664, (1992);Wesson, 5 Conn. App. at 372. On a motion to strike, the court must examine the complaint, assuming the truth of all well-pleaded facts, to determine whether the plaintiff has stated a legally sufficient cause of action. Id. A motion to strike must be granted if the complaint falls to state a claim upon which relief can be granted or if the plaintiff has alleged legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Cas. Co., 13 Conn. App. 208,211 (1988).
 II
In the Second Count of its Complaint, the plaintiff seeks to recover damages from the defendant under General Statutes § 49-41c, which provides as follows:
 Sec. 49-41c. State contractor to make payment to subcontractor within thirty days. Any such person contracting with the state shall make payment to any subcontractor employed by such contractor within thirty days of payment by the state to the contractor for any work performed or, in the case of any contract entered into on or after October 1, 1986, for materials furnished by such subcontractor, provided such contractor may withhold such payment if such contractor has a bona fide reason for such withholding and if such contractor notifies the affected subcontractor, in writing, of his reasons for withholding such payment and provides the state board, commission, department, office, institution, council or other agency through which such contractor had made the contract, with a copy of the notice, within such thirty-day period.
In support of this claim, plaintiff duly alleges: (1) that it performed work on the project here at issue as a CT Page 5856 subcontractor of defendant Konover; (2) that defendant Konover's general contract for the project was with the State of Connecticut; (3) that the plaintiff completed all the work that was required of it under the terms of its subcontract; (4) such work was approved by the project architect; (5) that the defendant was paid by the State for the work the plaintiff performed on the project; and (6) that despite due demand, the defendant has not paid in the full for its work although the State paid the defendant for that work more than thirty days before the plaintiff filed this lawasuit [lawsuit]. See Complaint, Count II.
The defendant has moved to strike the Second Count on the ground that Section 49-41c does not afford the plaintiff a private cause of action. Instead, it claims, Section 49-41 is merely a notification statute which requires any general contractor who does not intend to make payments under a subcontract on a State project, within thirty days of its own receipt of State monies for the work to give timely, written notification of his intention to withhold such payments and of his reasons therefor both to the affected subcontractor and to the relevant State board, commission or agency which issued the general contract for the work.
In support of this position, the defendant relies principally upon the failure of the General Assembly, in passing the statute in question, to provide explicitly that a subcontractor whose rights under the statute have been violated may bring suit to enforce those rights. For the following reasons, the Court agrees with the defendant that the Second Count of plaintiff's Complaint must be stricken.
When the legislature intends to create a private cause of action, it typically does so expressly. Middletown v.Hartford Electric Light Co., 192 Conn. 591, 596 (1984).See also Connecticut Assoc. Builders Contractors Electrical Mechanical Contractors Inc. v. Saint FrancisHospital Medical Center, No. CV 94-0704940S (Conn.Super.) (Allen, J.) (July 29, 1994) (no implied private cause of action for violation of a regulatory Statute; Blondin v.Connecticare, No. CV93-0063828 11 Conn. L. Rptr. 305 (Conn.Super.) (Dranginis, J.) (April 6, 1994) (striking complaint based on alleged violations of General Statutes §§ 20-138b(a) and 20-138b(b) because those statutes, governing the business of health CT Page 5857 care centers, did not expressly provide plaintiff with a private cause of action); Keeney v. Cappoziello) No. CV91-0450285S (Conn.Super.) (Berger, J.) (July 27, 1993) (striking claim in third-party complaint for violation of General Statutes §22a-208c because the statute, which governs transport, disposal and processing of solid waste, did not create a private cause of action for unauthorized entry onto property and disposal of solid waste). Because the legislature did not expressly provide language in Section 49-41c that permits a subcontractor to bring a private cause of action under the statute, the plaintiff cannot maintain such a cause of action against defendant Konover in this case.
The leading case on the issue of whether a statute creates a private cause of action is Middletown v. HartfordElectric Light Co., 192 Conn. 591 (1984). In that case, the city of Middletown attempted to bring an action against a utility to force it to seek regulatory permits before burning mineral oil contaminated with polychlorinated biphenyls (PCBs). The trial court dismissed the case, holding that the city did not have standing to enforce the statutory environmental permitting scheme by bringing a private cause of action. Id. at 592-95. The Supreme Court affirmed, finding that the legislature did not create a private cause of action in the statute there at issue to supplement the Department of Environmental Protection's regulatory's powers. Id. at 596.
More recently, the Appellate Court decided that there is no private right of action for the alleged violation of a statute where the legislature did not expressly provide for one. Holly Hill Holdings v. Lowman, 30 Conn. App. 204,219, 619 A.2d 853, 860, aff'd on other grounds, 226 Conn. 748,628 A.2d 1298 (1993). In that case, the plaintiff sought to foreclose a mortgage held on property owned by the defendants. The defendants filed special defenses and counterclaims alleging that the plaintiff had not complied with certain environmental reporting and disclosure regulations promulgated under the authority of Section 22a-449(d) of the General Statutes. Id. at 205-06. The Appellate Court agreed with the trial court that the defendant had failed to assert either a valid defense to the foreclosure action or valid counterclaims because the statute and attendant regulations did not expressly create a private cause of action. Id. at 220-21, 619 A.2d at 860-61. CT Page 5858 On that score the Court noted that while the statute there at issue expressly authorized the Attorney General to bring an action to enforce it, "[t]he right to maintain a private right of action [was] conspicuously absent from this provision." Id. at 221.
Plainly, legislature could have provided for a private cause of action under Section 49-41c, if it had intended to do so. In Sections 49-41a and 49-42 of the General Statutes, for example, the legislature used express statutory language to create private enforcement rights. Section 49-41a, entitled "Enforcement of payment by general contractor to subcontractor," provides in pertinent part that following certain notice procedures, "[I]n the event that such general contractor or subcontractor refuses to place [disputed] funds in escrow, and the party making a claim against it under this section is found to have substantially performed its work in accordance with the terms of its employment in any arbitration or litigation to determine the validity of such claim, then such general contractor or subcontractor shall pay the attorney's fees of such party." Conn. Gen. Stat. § 49-41a(b). Section 49-42
entitled "Enforcement of right to payment on bond, suit on bond, procedure and judgment," is also replete with express references to an action under that statute in court. See Conn. Gen. Stat. § 49-42(a) and (b). Conversely, the legislature chose not to include any such private enforcement language in Section 49-41c.
The Court has only found one case in which Section 49-41c is cited. In that case, on which the plaintiff places great reliance, an action based on an alleged violation of Section 49-41c was brought to trial in the Superior Court for the Judicial District of Middlesex but dismissed because the plaintiff failed to make a prima facie case.Michael J. Gresh Painting Co., Inc. v. ContinentalInsurance Co., No. 64326 (Conn.Super., Spallone, S.T.R.) (December 14, 1994). Because, argues the plaintiff, the deficiency here alleged was not noted by the experienced jurist who decided the case, this Court should infer that as part of his decision on the merits, he decided subsilentio that a private cause of action could indeed be maintained by a subcontractor under Section 49-41c.
Respectfully, the Court must reject the plaintiff's CT Page 5859 argument for the most obvious of reasons. Simply stated, there is nothing whatsoever in the record of the Gresh case to suggest either that Judge Spallone was ever asked to consider the legal viability of a private cause of action under Section 49-41a or that he ever raised and considered that issue sua sponte. This Court cannot conclude that questions never presented for the Gresh Court's decision ever figured in its analysis of the issues it did decide.
The plaintiff's final point of argument in opposition to the defendant's claim is that in the absence of a private cause of action, Section 49-41c has no purpose. Animated, as the plaintiff claims that it was, by the legitimate concern of legislators that subcontractors should be timely paid for their work,[1] the statute must be read to empower those very subcontractors to recover sums justly due them in timely fashion, by a lawsuit in this Court.
It is true that while discussing the statute, certain legislators expressed the concern that some subcontractors on State construction projects were not being paid for their work in timely fashion. Their comments, however, are devoid of any suggestion that the remedy for this problem should be the creation of a private right of action to ensure such timely payments.
To the contrary, as argued by the defendant, the only mechanism which was created to deal with the recurring problem of withheld payments was the notification procedure set forth in the statute. Under that procedure, a written statement of reasons for withholding payments must be furnished both to the affected subcontractor and the contracting state agency within thirty days of the general contractor's receipt of payment for the work performed. So informed, the subcontractor may either initiate a lawsuit for breach of contract or, more probably, resort to dispute settlement procedures made available under its subcontract.
Upon receiving such notification, moreover, the State can begin at once to investigate the dispute with an eye to determining which side is in the right, and then can use its own considerable powers to foster a speedy resolution so that work on the entire project can continue. It can hardly be imagined that intent of the General Assembly was CT Page 5860 to interrupt ongoing construction projects with potentially costly, disruptive litigation under Section 49-41c whenever a sum owed a subcontractor is not timely paid.
Where, then, as here, neither the language of the statute nor its legislative history suggests an intent to create a private right of action, the Court must conclude that no such action can lawfully be prosecuted. For the foregoing reasons, the defendant's motion to strike the Second Count of the plaintiff's Complaint must be granted.
 III
As for the plaintiff's Third Count, alleging unjust enrichment, the defendant claims that this Count is defective because it fails to allege all of the essential elements of unjust enrichment. In particular, the defendant argues that the Third Count fails to state a cause of action because it fails to allege that the defendant's failure to pay it for work it performed on the Camp Weicker project was to plaintiff's detriment.[2]
The Court agrees that to prove its entitlement to damages on the theory of unjust enrichment, the plaintiff must plead and prove that the defendant's alleged failure to pay it was to its detriment. Poliverani v. Peatt,29 Conn. App. 191, 200-01 (1992). To plead this element of an unjust enrichment cause of action, however, the plaintiff need not resort to the incantation of magic words. Instead, its pleading must be held to satisfy the requirement of the Practice Book if the facts set forth therein, including all facts necessarily to be implied therefrom, support the essential elements of the cause of action. DeMello v. Plainville, 170 Conn. 675, 677 (1076);Covino v. Pfeffer, 160 Conn. 212, 214 (1970).
The Complaint here alleges that the plaintiff performed work on the project at the request of defendant Konover; that the defendant knew or reasonably should have known that the plaintiff expected to be paid for its work; that the reasonable value of the plaintiff's work was significantly greater than the amount the defendant paid to the plaintiff; and that the defendant's retention of the benefit so conferred without paying for it is unjust. Reasonably to be implied from these facts, when they are CT Page 5861 read in the light most favorable to the plaintiff, is that the defendant's failure to pay it for its work was to its detriment.
For the foregoing reasons, the defendant's motion to strike the Third Count of the Complaint must be denied.
Conclusion
The Second Count of the plaintiff's Complaint is hereby ordered stricken for the reasons set forth in Part II of this Memorandum. However, for the reasons stated in Part III of this Memorandum, the defendant's motion to strike the Third Count of the Complaint is hereby denied.
Michael R. Sheldon Judge