[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 7, 1997
Dario Salati, claims to have been injured in a motor vehicle accident as a result of the negligence of Patricia Lucia. Mr. Salati brought suit and that case is pending in this court, CT Page 12496 CV96-0054360S. The date of the accident was April 29, 1995.
Counsel then determined that Anne Marie Salati had a cause of action for loss of consortium but apparently, when that determination was made, the statute of limitations was about to run out. An amendment to the pleadings in Mr. Salati's suit could not be made of right at that point and by the time the court would have had an opportunity to rule on the motion the statute of limitations might have barred the amendment. Counsel then brought this independent action for loss of consortium on behalf of the wife. Service was made on April 29, 1997 and this suit has a separate docket number from the husband's action. The complaint in this loss of consortium action repeats the allegations of negligence made in the husband's negligence action, further claims Mr. Salati suffered a variety of injuries, emotional distress and pain and then alleges that, as a result of the defendant Patricia Lucia's negligence and the injuries caused to Mr. Salati, the plaintiff Mrs. Salati has suffered and continues to suffer loss of consortium with her husband.
The defendant has now moved to strike the loss of consortium claim. The defendant notes that a loss of consortium claim has been defined by our court as "derivative of the injured spouse's cause of action," Hopson v. St. Mary's Hospital, 176 Conn. 485,494 (1979); the court then notes and adopts the view of those "[r]ecent decisions [which] have recommended that claims by spouses, whether for physical injuries or consortium loss, be joined in one action and tried before a single trier of fact." Id. p. 494.
According to the defendant, the principle that a spouse's loss of consortium claim is "derivative and dependent" on the husband's injury claim "is clarified" by Izzo v. Colonial Penn.Ins. Co., 203 Conn. 305 (1989) where the court held that "loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse," p. 312. In Izzo the court held the loss of consortium claim "fits within the `per person' limit" on the applicable insurance policy. Id. pp. 312-13. Similarly, the court in Wesson v. Milford, 5 Conn. App. 369, 375 (1985) held that where a husband's claim would be barred by the exclusivity of Worker's Compensation, no loss of consortium claim by the wife would exist; the court reasoned that "the plaintiff's position that the injury suffered by the wife was a wrong independent of the injury to the husband cannot be maintained." Id. P. 375. CT Page 12497
All of this uncontested law of course says nothing about whether the motion to strike the loss of consortium claim must be stricken in this case. An added layer of argument must be added that is peculiar to practice under a motion to strike and the old common law demurrer. It has been said that "in ruling on a motion to strike the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn, 161, 170 ( 1988); Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718, 719 (1982); Brown v. Branford, 12 Conn. App. 106, 110
(1987). And those facts are given that reading which is most favorable to the nonmoving party. Amodio v. Cunningham,182 Conn. 80, 82 (1980).
Thus, the defendant argues here that since no claim for the husband is made within the four corners of the loss of consortium complaint and because a loss of consortium claim is only "derivative," the wife cannot assert a loss of consortium claim by means of this separate complaint. Thus, the complaint is legally insufficient and must be stricken.
Interestingly, the language in the cases that says a demurrer or motion to strike is confined to an examination of the four corners of the pleading attacked is usually an admonition to the moving party to the effect that he or she may not rely on facts extraneous to that pleading in arguing the demurrer or motion to strike. Thus, it is said ". . . a demurrer must stand or fall on the legal sufficiency of the allegations in the pleading demurred to. No additional facts can be alleged in the demurrer."Connecticut Civil Procedure, Vol. 1, (2d ed.), Stephenson, § 116 at page 471.
Here, although it is certainly true that a loss of consortium claim is "derivative" there is in fact a pending prior negligence action filed by the husband. What does "derivative" mean in this context? The cases that coined that word never did so with any inkling that it would be applied in motion to strike practice. Why isn't it conclusory to say that because a loss of consortium claim is defined as "derivative" it is not legally sufficient as a separate action and thus must be stricken rather than being joined to or consolidated with a prior claim brought by the injured spouse? Furthermore, if a motion to strike were to be granted in this context the plaintiff, under Practice Book § 157, would have fifteen days to amend her pleading. If the complaint simply is amended to explicitly mention that the spouse CT Page 12498 has brought a negligence action and that action is referred to by name and docket number, how can the loss of consortium claim be said to be "legally insufficient" in real world terms — it would state a loss of consortium claim and would pay obeisance to the derivative nature of the loss of consortium claim. Of course, here the statute of limitations has otherwise run on such a claim and query whether under such circumstances the amendment permitted under P.B. § 157 would save the claim. But it is difficult to understand why such machinations should be necessary given the facts of this case and why it should be held that our pleading rules should be so rigidly applied.
At common law in a fact pleading state a demurrer was a convenient way of providing an expeditious method of disposing of legally insufficient claims or defenses. Under demurrer practice, only legal issues were raised and dealt with by the courts and to grant or deny the requested relief no time consuming evidentiary hearing need be held. Such hearings would come later in the case as an adjunct to certain pleas in abatement and in connection with motions to dismiss or now by way of motions for summary judgment which, although they don't permit evidentiary hearings, allow for the presentation of sometimes voluminous affidavits, depositions and documents. In the context of this practice that is why so-called "speaking demurrers" were really not allowed — they would defeat the functional efficiency of the demurrer and interject factual disputes at too early a stage in the litigation.
Here there can be no factual dispute that the husband had filed a negligence claim prior to the wife's bringing her loss of consortium action. It is true that the present loss of consortium complaint nowhere mentions the prior negligence suit brought by the husband as to which the loss of consortium claim is derivative. But in its discussion of common law demurrer practice 61 Am.Jur.2d "Pleading" at § 279, page 261 says: "It is not necessary to allege facts of which the courts take judicial notice; such facts will be considered by the court although not pleaded. Thus, on demurrer, a petition (to which a demurrer is filed) should be read as though incorporating everything of which the courts take judicial knowledge." Since by definition when a court takes judicial notice of a fact evidentiary disputes over that fact are avoided, demurrer practice can accommodate within its operation a court's resort to judicial notice although items maybe referenced which do not lie within the four corners of the pleading attacked. The case of James v Unknown Trustees Etc, etCT Page 12499al., 220 P.2d 831, 833 (Okla, 1950) supports the Am.Jur. view. There a petition was filed and the defendant demurred to the petition. The court said:
 We think the petition should be read as though incorporating everything of which the courts are to take judicial knowledge, though not alleged, and that a court may take judicial notice of proceedings and records of cause before it, for they actually and constructively are before it;
At pages 833-34 the court did go on to say:
 . . . however, it cannot in one case take judicial notice of its records in another and different case even though between the same parties or privies and in relation to the same subject matter.
But Connecticut takes a broader view of judicial notice. InState v. Lenihan, 151 Conn. 552, 554 (1964) the court said: "There is no question concerning the trial court's power to take judicial notice of a file in a proper case in the same court, whether or not between the same parties . . ."
A party can, of course, object to the court's taking of judicial notice but here the nature of the notice taken would be the fact that the husband has filed a negligence complaint, and that that complaint is set forth in a suit that is still pending in court and has been assigned a docket number. The complaint in that suit on its face references the same accident and same negligent activity which the loss of consortium complaint mentions as the basis of the claim made under that theory. There is no factual dispute as to these matters so it is difficult to understand how it can be said the husband's claim and the suit he filed is not constructively before the court. If it is, how can it be argued that the wife in bringing her action in this context was making, or purporting to make, a claim or bring a suit that was anything other than "derivative."
In this sense the cases cited by the defendant. which have defined a loss of consortium claim as "derivative" and bar such a claim if the spouse's claim is otherwise not viable, are not strictly on point. In Greene v. Metals Selling Corporation,3 Conn. App. 40. 47 (1984), the decedent husband was held not to have had a cause of action so that the consortium claim had to be CT Page 12500 stricken, also see Kershaw v. UpRight, Inc., 1996 Ct. Sup. 1267-x
(No. CV950409957, 1/29/96), Ortiz v. Ford, 1996 Sup. Ct. 4022, 17 CONN. L. RTPR. 112 (1996). In the latter two cases the spouse's cause of action was held not viable or was not made. Here, the husband has made a claim, the suit is pending and no court has held that action is not viable.
The older cases were quite flexible in applying the rules of common law pleading practice. Thus, in White v. Avery,81 Conn. 325 (1908) the court upheld the sustaining of a demurrer to a petition for a new trial. The court did not consider the trial court bound by the four corners of the pleading attacked and in effect sanctioned reliance on the type of judicial notice this court seeks to apply in this case. In White v. Avery the court said at page 328:
 The petitioner's claim that the demurrer admits the allegations of his petition, that he used all possible means up to and at the time of the trial of ascertaining a description of the land upon which it was claimed that said trees had been cut, and the number of trees that had been cut thereon, is hardly tenable. On demurrer the court considers the whole record, and gives judgment for the party who, on the whole, appears to be entitled to it. A demurrer does not admit any averment contradicting what before appears certain on the record. Notwithstanding the allegations in the petition, that the petitioner, before trial, used all possible means of ascertaining a description of the land and tress in question, it further appears that the writ in the former suit contained a description of the land and of the trees which were the subject-matter of that controversy. In this connection it is also important to note that it further appears that the suit in the former action was commenced November 13th, 1901, and that judgment was not rendered therein until December 11th, 1906, and that no effort was made to obtain this evidence until December 26th, 1906. To entitle a party to a new trial for newly discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with CT Page 12501 reasonable diligence, a new trial will not be granted . . .
For the foregoing reasons, the court will deny the motion to strike the complaint. However, this complaint should be consolidated for trial with the previous suit filed by the husband.
Corradino, J.