[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On September 13, 1991, the plaintiff, Ina Golub, filed a four count product liability action against the defendants, Chrysler Corporation, Ricon Corporation, Les Elevateurs Jure, and New England Wheels West, Inc., seeking damages for injuries she allegedly sustained when she backed her wheelchair out of her modified Chrysler CT Page 9597 van, unaware that her wheelchair lift was in a lowered position, and fell to the ground. In each of the four counts of the complaint, directed at each of the four defendants, the plaintiff alleges that the defendants are liable for the plaintiff's injuries pursuant to General Statutes 52-572m et seq. in that they were each responsible for various aspects of the modification of the Chrysler van, or the design, manufacture, sale or installation of the wheelchair lift system placed in the van.
By papers dated October 18, 1991, the plaintiff amended her complaint as of right pursuant to Practice Book 175 to add her husband, Alvin Golub, as a party plaintiff, and to add a fifth count by her husband claiming loss of consortium as a result of the injuries suffered by his wife.
On April 16, 1992, the defendants Ricon Corporation and Les Elevateurs Jure filed a motion to strike the fifth count of the plaintiffs' complaint, accompanied by a memorandum of law, on the ground that the plaintiff husband's loss of consortium claim is precluded by the exclusive remedy provision of General Statutes 52-572n (a), which provides that a product liability claim shall be in lieu of all other claims against product sellers for harm caused by a product. On April 24, 1992, the plaintiffs filed a "Second Amended Complaint," "[a]s a result of the Motion to Strike filed by the defendants Ricon Corp. and Les Elevateurs Jure." In the "Second Amended Complaint," the plaintiff husband added a new paragraph to the fifth count in which he alleges that the defendants "are legally responsible and liable to the plaintiff, Alvin Golub, for his injuries and losses alleged herein by virtue of section 52-572m et seq. of the Connecticut General Statutes." (Second Amended Complaint, Fifth Count, para. 23). On April 29, 1992, the plaintiffs filed a memorandum of law in opposition to the motion to strike. Because the plaintiffs' amendment does not fully resolve the issues raised in the defendants' motion to strike, the court will consider the motion to strike in relation to the plaintiffs' Second Amended Complaint.
A motion to strike challenges the legal CT Page 9598 sufficiency of the allegations of any complaint, or of any one or more counts hereof, to state a claim upon which relief can be granted. Practice Book 152(1). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235
(1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra, 146.
The defendants Ricon Corporation and Les Elevateurs Jure argue that the Product Liability Act, General Statutes 52-572m et seq., precludes the plaintiff husband's loss of consortium claim as it is a common law action arising from the underlying claim. The defendants further assert that loss of consortium claims are disallowed under similar causes of action.
The plaintiff argues that by using the language "shall include, but is not limited to . . ." in General Statutes 52-572m(b) the legislature intended to leave room for actions for injuries arising out of defective products which, although not listed in the statute, are of the kind contemplated by the statute; thus, "the product liability statutes do not preclude a claim based on a theory of loss of consortium which derives from a defective product." (Plaintiffs' Memorandum, p. 5). The plaintiffs also assert that the plaintiff husband's loss of consortium claim is a claim for "personal injury" under General Statutes 52-572m(d) and that the statute defines "claimant" to include not only the immediate user of the product but also any person asserting a product liability claim. The plaintiffs assert that a loss of consortium claim falls squarely within the definitions given in General Statutes 52-572m. The plaintiffs CT Page 9599 conclude that the purpose of the product liability statutes is to require that all product liability claims observe uniform rules and limitations, and that "allowing claims under the statutes which conform to those rules and limitations, but which rely on a theory not explicitly mentioned in the statutes, is appropriate as long as they are claims for personal injury, are against a product seller, and the injuries allegedly were caused by a defective product." (Plaintiffs' Memorandum, p. 6). The plaintiffs contend that because these elements are present in a loss of consortium claim brought under the product liability statutes, the plaintiff husband's loss of consortium claim is permissible.
The parties have not cited any case law which directly addresses the issue of whether a loss of consortium claim may be asserted by a spouse in an action brought against product sellers by the injured spouse pursuant to the Product Liability Act. The issue of whether a loss of consortium claim by the spouse of an injured person is barred in an action brought pursuant to the Product Liability Act, General Statutes 52-572m et seq., has not yet been decided by the Connecticut appellate courts.
The appellate courts have interpreted a number of other statutory causes of action to exclude claims for loss of consortium by a spouse of an injured party covered by the terms of the statute.
In Ladd v. Douglas Trucking Co., 203 Conn. 187,523 A.2d 1301 (1987), the court held that the wrongful death statute, General Statutes 52-555, is "the exclusive means by which damages resulting from death are recoverable" (Citations omitted). Id., 195. The court held that the focus under the statute is upon the value of the decedent's death from his viewpoint, not that of his family. Id., 197. The court determined that the question of whether the vantage point for measuring the losses resulting from the death of the decedent should be shifted from the decedent to family members should be resolved by the legislature. Id. The legislature did in fact resolve this question in 1989 by enacting General Statutes 52-555a — 52-555d, which specifically provide a cause of action for postmortem loss of CT Page 9600 consortium in wrongful death actions.
In Sanzone v. Board of Police Commissioners,219 Conn. 179, 592 A.2d 912 (1991), the court stated that "in providing that `no cause of action' shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouses' right to recover for loss of consortium." Id., 198-99. The court held that "[s]ection 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured `traveler.'" (Citation omitted). Id., 199.
In Wesson v. Milford, 5 Conn. App. 369,498 A.2d 505 (1985), cert. denied, 197 Conn. 817, 500 A.2d 1337
(1985), the court held that General Statutes 31-284(a) barred a spousal dependent from bringing an independent cause of action for loss of consortium predicated upon an injury which is compensable under the Workers' Compensation Act.
"An action for loss of consortium `is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse' is barred." Sanzone v. Board of Police Commissioners, supra, 199, quoting Hopson v. St. Mary's Hospital, 176 Conn. 485, 494, 408 A.2d 260 (1979).
 If the right to sue for loss of consortium is a common law right, the legislature may abolish it . . . It is clear from Hopson v. St. Mary's Hospital, supra, that the right to sue for loss of consortium by a . . . [spouse] is not a constitutionally incorporated common law right or a constitutional right. Hence, it may be changed at the will or even the whim of the legislature. See Gentile v. Altermatt, 169 Conn. 267, 283-84, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S.Ct. 763, 463 L.Ed.2d 631 (1976).
Wesson v. Milford, supra, 377.
"The legislature clearly intended to make our products liability act an exclusive remedy for claims CT Page 9601 falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989).
General Statutes 52-572n(a) provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes 52-572m(b) defines a "product liability claim" as including
 all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
General Statutes 52-572m(c) defines "claimant" as "a person asserting a product liability claim for damages incurred by the claimant or one for whom the claimant is acting in a representative capacity." General Statutes52-572m(d) defines "harm" in part as "damage to property, including the product itself, and personal injuries including wrongful death."
The court finds that the language of the product liability statutes indicates no intent on the part of the legislature to include a loss of consortium claim by the spouse of a person injured by a defective product within the purview of the statutory product liability cause of action. The court finds that the use of the term "personal injury" connotes physical or emotional injuries suffered by a person directly injured by a defective product, not losses suffered by a spouse resulting from the other spouse's "personal injury" and thus only derivative of the injured spouse's product liability CT Page 9602 claim. The court finds that the phrase "shall include, but is not limited to, all actions based on the following theories . . ." does not, as the plaintiff contends, evidence any intent on the part of the legislature to encompass other causes of action, such as loss of consortium, which are derivative of the single product liability cause of action, but rather an intent that a product liability claim encompass numerous theories of liability arising out of a single cause of action based upon a defective product.
The legislature has enacted legislation which specifically provides for a cause of action for postmortem loss of consortium in wrongful death actions. See General Statutes 52-555a — 52-555d. The legislature could have similarly expressly provided for loss of consortium claims by spouses in the context of other statutory causes of action arising from personal injuries suffered by spouses but to date has not done so.
The court concludes, pursuant to the above analysis, that a loss of consortium claim brought by the spouse of a person injured by a defective product is not permitted pursuant to the Product Liability Act. Accordingly, the defendants' motion to strike the fifth count of the complaint is granted.
Mary R. Hennessey, Judge