[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case raises the question whether a loss of consortium claim can be brought on a claim under the Dram Shop Act. Two of the defendants, the owner and backer of a bar which served alcohol to a customer who injured the named plaintiff, have filed a motion to strike the loss of consortium claims of the wife of the named plaintiff contained in counts six, seven and eight of the complaint.
The first, second and third counts of the complaint are based respectively on the Dram Shop Act (section 30-102 of the General Statutes), negligence in failure to supervise serving of alcohol and patrons in the bar, and recklessness, all of which allegedly resulted in injuries inflicted on the named plaintiff by an intoxicated patron of the bar. The sixth, seventh, and eighth counts of the complaint parallel these three legal theories but are limited to a loss of consortium claim by the named plaintiff's wife.
A motion to strike admits all facts well pleaded and the allegations of the complaint are entitled to the same favorable construction a trier could be required to give in admitting evidence under them, but the motion does not admit legal conclusions for the truth or accuracy of opinions. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 109. A loss of consortium claim is derivative from the injured spouse's cause of action and depends upon the legal viability of the cause of action of the injured spouse. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 305, 310; Hopson v. St. Mary's Hospital, 176 Conn. 485, 494, 496. The second count of the complaint and the derivative claim in the seventh count based on failure to supervise by the owner and backer of the bar amount to common law negligence claims against a seller of liquor. There is no common law action in Connecticut for negligence in selling alcohol to adults who are known to be intoxicated. Quinnett v. Newman, 213 Conn. 343, 345, 346 and cases cited therein. Since CT Page 1772 the named plaintiff has no cause of action against the owner or backer, his wife's loss of consortium claim under the seventh count fails for the same reason.
The third count of the complaint and the derivative loss of consortium claim in the eighth count are based upon "recklessness" of the owner and backer. Arguably, this is a claim of wanton and reckless misconduct in serving intoxicated patrons. Connecticut law makes a distinction between ordinary negligence claims and reckless misconduct in serving liquor to intoxicated persons who then injure the plaintiff, allowing recovering in the latter situation under some factual circumstances. See Boehm v. Kish,201 Conn. 385, 390; Kowal v. Hofher, 181 Conn. 355, 360-61.
The Dram Shop Act, section 30-102 of the General Statutes, is a statutory cause of action creating rights that did not exist at common law; it is not based upon negligence or wanton misconduct and does not require a causal relationship between the sale of liquor and the injury, but only requires proof that the person who was served was intoxicated and as a result caused injury to the person or property of another. Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 348, 349. Assuming, however, that the named plaintiff has a cause of action against the owner and backer under the statute, this does not necessarily mean that the plaintiff's wife has a loss of consortium claim for a violation of the statute. Neither party has located any case which decides whether a loss of consortium claim by the injured person's spouse is allowed for a violation of section 30-102 of the General Statutes. The loss of consortium claims recognized in Hopson v. St. Mary's Hospital, supra, and subsequent cases are derivative from causes of action of the injured spouse based on common law negligence.
Cases involving causes of action created by statute have uniformly held that the spouse of the party recovering under the statute does not have a derivative cause of action for loss of consortium, because the statute does not provide for it. In Sanzone v. Board of Police Commissioners, 219 Conn. 179,199, it was hold that the highway defect statute, section 13a-149, does not allow recovery of damages for loss of consortium, but creates a cause of action only for the injured traveler on the public highway. A material consideration is whether the statute relied upon created a cause of action, that did not exist at common law prior to 1918. Id.
As previously noted, the Dram Shop Act creates a cause of action which did not exist at common law. In Ladd v. CT Page 1773 Douglas Trucking Co., 203 Conn. 187, 195, a loss of consortium claim was not allowed as a derivative claim from a wrongful death action based on section 52-555 of the General Statutes since the wrongful death action existed only as a result of the statute itself. See also Golub v. Chrysler Corporation, 7 CSCR 1295, 1296 (1992) (Hennessey, J.) holding that the Products Liability Act, section 52-572m et seq., does not allow a derivative loss of consortium claim by the spouse of a person injured by a defective product. The material question in all these cases is whether there is anything in the statute creating the cause of action which allows a loss of consortium claim, since the right created by the statute is limited by its own terms. For example, after Ladd v. Douglas Trucking Co., supra, the legislature enacted section 52-555a to specifically provide for a cause of action for post-mortem loss of consortium in wrongful death actions. Here there is no loss of consortium claim provided for in the Dram Shop statute or derivative from it.
The motion to strike is granted as to the sixth and seventh counts of the complaint but denied as to the eighth count.
Robert A. Fuller, Judge CT Page 1774