[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This action arises from an accident which occurred on October 26, 1989 at the Millstone Nuclear Power Plant, in Waterford, when plaintiff Dennis Miller, Sr. was injured by a pulley/reel mechanism during the course of his employment. Plaintiff Dennis Miller, Sr. and plaintiff Christine Miller, his wife, brought an amended eight-count complaint alleging negligence and loss of consortium against defendants Northeast Utilities, Northeast Nuclear Energy Company and Connecticut Light Power Company (collectively "Northeast") and alleging products liability and loss of consortium against defendant S.G. Marino Crane Service Corporation ("Marino").
The plaintiffs allege in their complaint that Northeast owns and operates the power plant and that Marino manufactured and sold the pulley/reel mechanism which caused the injury.
Count eight of the complaint sets forth a claim for loss of consortium by plaintiff Christine Miller due to injuries sustained by plaintiff Dennis Miller, Sr. upon a theory of product liability pursuant to General Statutes52-572m, et sec., the Connecticut Product Liability Act. Marino has filed a motion to strike count eight on the ground that such a claim is precluded by the Product Liability Act.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36 (1987). The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and, if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Alarm-Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, CT Page 6526 545 (1980).
General Statutes 52-572n(a) provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes 52-572m(b) defines a "(p)roduct liability claim" as including "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warning, instructions, marketing, packaging or labeling of any product." General Statutes 52-572m(b) further provides that "(p)roduct liability claim shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent."
The Connecticut Supreme Court recognizes a cause of action on behalf of a spouse for the loss of consortium of an injured marital partner. Hopson v. St. Mary's Hospital,176 Conn. 485 (1979). However, the issue of whether a loss of consortium claim by the spouse of an injured person is barred in an action brought pursuant to the Product Liability Act has not yet been decided by the Connecticut appellate courts. Further, there is a split of opinion in the Superior Court as to whether a loss of consortium claim can be maintained in a product liability action.
In Bugnacki v. Miller Printing Corp., 2 CSCR 456
(March 30, 1987, Gill, J.), the court denied a motion to strike a loss of consortium claim in a product liability action. The court in Bugnacki held that the loss of consortium claim was not barred by the Product Liability Act because the claim is derivative of the injured spouse's claim under the statute. The court stated at page 450:
 The claim for loss of consortium is an element of damages derived from the central set of facts alleged as the basis of the defendant's liability. CT Page 6527
 The products liability statute has been interpreted to provide an exclusive remedy. . . .
. . . .
 General Statutes 52-572m(b) . . . specifically allows claims for personal injuries. Pursuant to the statute, the plaintiff has brought an action for personal injuries. The loss of consortium claim by the plaintiff's wife is derivative of the plaintiff's cause of action and not of the statute. Therefore, the plaintiff wife's allegations support a cause of action allowed under the statute and the motion to strike on this count should be denied. (Citations omitted.)
In Lindsey v. Lindberg Furnace, 8 CSCR 169 (January 12, 1993, Thompson, J.), the court also addressed the issues of whether a loss of consortium claim can be maintained in a product liability action. In allowing the consortium claim to be maintained, the court reasoned at page 169 as follows:
 Prior to the enactment of the Product Liability Statute, one who alleged to have suffered injury as a result of a defective product could bring an action in negligence, breach of warrented [sic] and/or strict product liability. The purpose of the Product Liability Act was to consolidate those various causes of action into one exclusive action for harm caused by a product. See Daily v. New Britain Machine Company, 200 Conn. 562 (1986). This court does not, however, read the language of the Act a (sic) intending to eliminate a cause of action for loss of consortium, which, as the defendant apparently concedes, existed prior to it (sic) enactment. If such was the intent of the legislature, it could have CT Page 6528 specifically said so.
In Golub v. Chrysler Corporation, 7 CSCR 1295
(October 22, 1992, Hennessey, J.), however, the court, after a review of the appellate court cases which have interpreted other statutory causes of action to exclude claims for loss of consortium by a spouse of an injured party covered by the terms of the statute, held that the Product Liability Act precluded the plaintiff's claim for loss of consortium. The court stated at page 1296:
 The court finds that the language of the product liability statutes indicates no intent on the part of the legislature to include a loss of consortium claim by the spouse of a person injured by a defective product within the purview of the statutory product liability cause of action. The court finds that the use of the term "personal injury" connotes physical or emotional injuries suffered by a person directly injured by a defective product, not losses suffered by a spouse resulting from the other spouse's "personal injury" and thus only derivative of the injured spouse's product liability claim. The court finds that the phrase "shall include, but is not limited to, all actions based on the following theories . . ." does not . . . evidence any intent on the part of the legislature to encompass other causes of action, such as loss of consortium, which are derivative of the single product liability cause of action, but rather an intent that a product liability claim encompass numerous theories of liability arising out of a single cause of action based upon a defective product.
(Emphasis in original.)
The court finds that the reasoning in the Lindsey and Bugnacki courts is persuasive, and, therefore, denies defendant Marino's motion to strike count eight.
Hendel, J. CT Page 6529